The Chief Justice
delivered the opinion of the court.
This was an action brought by Middleton and wife against Calloway for uttering and publishing slanderous words, importing a charge that Mrs. Middleton had, before her marriage, had a mulatto child. Calloway pleaded not guilty, and justified, on the ground that the words were true.
On the trial of the cause, the plaintiffs proved, by two witnesses, that Calloway had said there was an old report in circulation in the neighborhood, when he came there, that Mrs. Middleton had bad a mulatto child before she was married, and that she was the mother of Harry Butcher’s wife, who is alledged to be a free man of color, and his wife a mulatto; but that Calloway did not pretend to know it, or to speak of it, as a fact, but as report. By one witness the plaintiffs proved that Calloway said he had some reason to believe that Harry Butcher’s wife was Mrs. Middleton’s child, and gave as his reason for so saying, that he had heard it from Mrs. Stuart, and other respectable persons and old settlers. By another witness the plaintiffs proved, that Calloway, the fall before the trial, said Middleton, the plaintiff, was a damned rascal, and had sold his wife’s children; and that being asked by the witness what he meant, he turned to Harry Butcher, who happened to be present, and asked the witness if he knew Butcher’s wife? and the plaintiffs proved by one or two witnesses, that they had beard Calloway call Harry Butcher Tom Middleton’s son-in-law: and several of the witnesses, on cross examination, stated that the report that Mrs. Middleton was the mother of Harry Butcher's wife, had prevailed in the neighborhood years before Calloway came to it. After the plaintiffs had produced the foregoing evidence, and proved by a number of witnesses Mrs. Middleton’s general good character, and the improbability of her being the mother of Butcher’s wife, *373 from the age, and other circumstances of the latter, Calloway called several witnesses, of one of whom he enquired, whether the report spoken of by him was not generally known and spoken of in the neighborhood a number of years ago, and whether such report was not in circulation. To the witnesses answering these interrogatories, the plaintiffs objected, and the court sustained the objection, and excluded all evidence of such a report. The defendant then offered to prove by a witness, that Mrs. Middleton was generally reputed, by all the neighbors, 15 or 20 years ago, to be the mother of Harry Butcher’s wife; but the plaintiffs objected to the evidence—and the court sustained the objection.
All persons circulating a slander are responsible therefor, nor is the generality of the report a justification, but as malice is the git of an action of slander, any circumstances which go to extenuate the malice, should go in mitigation of damages.
To these several opinions the defendant, Calloway, excepted, and a verdict for $1000 having been found against him, and a judgment thereon rendered, he has appealed to this court.
Whether the evidence offered by the defendant, and excluded by the court, was admissible or not, is the only question which need be decided.
It is perfectly clear that the previous existence of the slanderous report, or the general reputation of the fact, could not amount to a justification of the defendant in reiterating the charge; for every one who gives currency to a slanderous report, becomes responsible for its truth; and most certainly neither general report nor general reputation is admissible evidence of the truth of a particular fact. But malice is the git of the action of slander, and the degree of responsibility of one who publishes slanderous words must be proportioned to the malignity of the motives with which he is actuated in making the publication. Whatever, therefore, tends to diminish the malignity of the person who utters a slander, though not evidence of its truth, must lessen the degree of his responsibility; and, most indisputably, one who only gives currency to a report, already in existence, cannot be guilty of the same degree of malignity as one who is the prime author or original fabricator of the slander.
The evidence, therefore, of the previous existence of the slanderous report in question in this case, though not amounting to a justification of the defendant, was admissible in mitigation of damages.
The weight of such evidence, and the extent to which it should operate to mitigate the damages, must depend *374 upon the circumstances of the case, and on matters properly and exclusively belonging to the jury to determine, but cannot effect the question of its admissibility. See the case of Kennedy vs. Gregory, 1 Binney, 85, and the case of Morris vs. Duane, ib. 90; in both of which cases a similar question occurred, and was decided in the same way.
Bibb for appellant, Crittenden for appellee.
The judgment must be reversed with costs, and the cause remanded that a new trial may be had not inconsistent with the foregoing opinion.