THE PRESIDENT, DIRECTORS AND COMPANY OF THE FARMERS BANK OF DELAWARE *vs.* LEWIS H. BALL, State Treasurer.

*Attachment— Garnishee—State Treasurer—Public Officer—Answer, Salary—Pension.*

1. It has been quite uniformly held in this State that money held by a public officer or other person in a fiduciary capacity is not liable to attachment while so held —Decisions reviewed.

2. The State Treasurer is not liable to attachment in a case where a certain sum of money is due from the State to the defendant in the judgment as salary or pension.

(*February 19, 1900.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John Biggs* for plaintiff.

*Herbert H. Ward* for defendant.

Superior Court, New Castle County, February Term, 1900.

ATTACHMENT (No. 83 November Term, 1898).

*Fi. fa.* attachment was laid in the hands of Lewis H. Ball, State Treasurer. When the case came on to be heard, Mr. Ward, on behalf of defendant, made the following motion :

" To the Superior Court of the State of Delaware :

" The petition and motion of David T. Marvel, the above named defendant, respectfully represents, that there is on record in this Court against the said defendant the above stated judgment.

" That thereon have been issued the following writs of execution, to wit : No. 26, Attachment *fi. fa.,* February Term, 1899 ; No. 5, *Alias* attachment *fi. fa.,* November Term, 1899.

" That upon the writ last above mentioned the sheriff has made return in the following words : ' Laid in the hands of L. Heisler Ball, Treasurer of the State of Delaware, summoned him person-

ally as garnishee September 30, 1899, and so answers John E. Taylor, Sheriff.'

"That on the fifth day of February, A. D. 1900, the said L. Heisler Ball, garnishee as aforesaid, being sworn, filed the following answer to said attachment in writing, to wit:

"As State Treasurer he acknowledges that three hundred and seventy-five dollars is due Hon. David T. Marvel for the quarter ending December 31, A. D. 1899, pursuant to *Section 11 of the Schedule of the amended Constitution,* out of money appropriated pursuant to said Section 11. He, the said David T. Marvel, being an Associate Judge of the State of Delaware at the time said amended Constitution took effect, who was not appointed Associate Judge under said amended Constitution.

"And your petitioner prays that the records of this Court above referred to may be taken by the Court as a part of this petition and motion.

"That your petitioner is advised that upon the answer and return of the said garnishee no judgment of this Court can be entered against said garnishee.

"Your petitioner therefore moves the Court to render judgment upon said return according to law."

*Mr. Ward* contended that this was an attempt to attach money in the hands of the State; that garnishment was a suit and that no suit could be entered against the State; that attachment is laid in the hands of Lewis Heisler Ball who is summoned in Court personally, and that the attempt is made to attach in the State Treasurer's hands money which is held by him as State Treasurer, and being held by him in a fiduciary capacity, it is not a subject of attachment, and therefore judgment must necessarily be entered in favor of the defendant.

*Rossell vs. Bartram, 1 Pennewill, 482.*

*Mr. Biggs* contended that the case at bar was distinguishable from the ordinary case where a public officer is summoned as

garnishee; that the State Treasurer was not acting in the capacity of an administrator settling an estate in which there are certain claims preferred above others; the money was not in his hands as it would be in the hands of the sheriff, but it was in his hands as so much money belonging to and due the defendant David T. Marvel.

*Wilbur vs. Ray, 60 Vt., 581.*

LORE, C. J.:—*Fi. fa.* attachment was laid in the hands of Lewis H. Ball, State Treasurer.

The question raised in this case is, whether the State Treasurer is liable to answer as garnishee for money, in his hands as State Treasurer, due the defendant as salary or pension under the Constitution and Laws of this State.

The State Treasurer in pursuance of the statute made the following special declaration by way of answer: " As State Treasurer he acknowledges that $374.00 is due the Hon. David T. Marvel for the quarter ending December 31, A. D. 1899, pursuant to *Section 11 of the Schedule of the amended Constitution,* out of money appropriated pursuant to said Section 11. He, the said David T. Marvel being an associate Judge of the State of Delaware at the time the said amended Constitution took effect, who was not appointed Associate Judge under said amended Constitution."

The general rule as to garnishment of State officers, is well summarized in *Vol. 8, Am. and Eng. Ency. of Law, 1135, (1st Ed.):*

" As neither the general government nor the several States, are bound, without express mention, by general words in a statute which touches on their respective prerogatives of sovereignty; they cannot be subject to garnishment without express authority of law.

"Another reason for such exemption is that governments are not without their consent, subject to suit, and whether garnishment be deemed a suit or not, the exemption would follow from the inability of the defendant to sue upon such indebtedness.

" Again, it is held, that the embarrassment and delay in the administration of public officers likely to ensue from submission to

such process, is sufficient reason for holding the general government and that of the several States exempt therefrom; and the possession of an officer of any government being deemed in law as that of the government itself, such exemption cannot be avoided by the garnishment of the treasurer, or other officer or agent through whom payment of the government creditor is usually made."

The courts of this State have quite uniformly held, that money held by a public officer, or other person in a fiduciary capacity, is not liable to attachment while so held.

Generally money in the hands of a sheriff cannot be attached; but a surplus due the defendant after payment of all executions may be.

*Jaquett's Admr. vs. Palmer, 2 Harr., 144. In re Truxton, 2 Marvel, 353.*

A legacy or distributive share may be attached in the hands of the administrator, after the administration account has been adjusted and settled before the Register; the fiduciary relation then having ceased.

*Fitchett vs. Dolbee, 3 Harr., 267.*

A trustee is not liable to be summoned as garnishee of the *cestique* trust.

*Plunkett vs. Huray, 4 Harr., 436.*

Neither an administrator nor the debtor of an estate can be attached or summoned as a garnishee.

*Lyon's Admr. vs. Houston's Exr., 2 Harr., 349.*

Money of a client in the hands of his attorney is not liable to attachment.

*Johns vs. Allen, 5 Harr., 419.*

Garnishment will not lie against one holding as city agent, money due a municipal commission appointed in its behalf.

*Rossell vs. Bartram, 1 Pennewill, 242.*

*Wilbur vs. Ray, 60 Vt., 581,* and other cases cited by the plaintiff sustain this doctrine and are strictly in accord with our

decisions.　In that case it was held that the fiduciary relation had ceased.　That Mr. Ray as clerk of the Court had no further hold upon the fund, and was liable as an individual to the defendant for the unpaid balance.

We have been unable to find any authorities to the contrary, so uniform and consistent have been the decisions on this point.

We hold, therefore, that the State Treasurer in this case is not liable to attachment; to hold otherwise would violate three cardinal rules governing this subject:　(1) It would subject the State or its Treasurer to garnishment, when not expressly named or included in the statute; (2) it would subject the State to suits without its consent; or its officers to garnishment when the debt cannot be sued for by the defendant; (3) it would embarrass and delay public officers in the orderly administration of public duties.

Let judgment be entered in favor of the defendant in the attachment for costs.