Syllabus.

IN RE PETITION of MARY E. SHELLY, TO PAY MONEY OUT OF
    COURT.

*Proceeds of Sale by Sheriff—Attachment by Creditor of lien Creditor
    of Defendant in the Execution—Money paid into Court—
    Petition of the lien Creditor to pay money out of
    Court.*

1.    Money in the hands of sheriff arising from sale of real estate
made by him under execution process, cannot be attached until he has
paid all pre-existing liens upon the real estate so sold.

2.    A surplus or balance in hands of sheriff, arising from a sale under
an execution, after payment of all legal demands upon him, belonging and
payable to defendant in  execution, may be attached.

3.    Rights in the proceeds of a sheriff's sale do not become fixed
until after confirmation of sale.

4.    Proceeds of a sale made by a sheriff, remaining in his hands and
belonging to a lien creditor of the defendant in the execution, cannot be
attached, it being against public policy to disturb public officers in the
discharge  of  their  official  duties.

5.    A sheriff having been garnisheed by a creditor of the lien creditor
of the defendant in the execution under which he sold real estate, and hav-
ing subsequently paid the share of such creditor in the proceeds of the
sale into court, the Court will not annul its order authorizing the payment
into court, but will hear and determine the rights of the claimants, upon
the petition of the lien creditor of the defendant to draw the money out
of court.

Del. cases cited: *Farmers Bank vs. Ball*, 2 *Penn.* 374;
*Jaquett's Adm. vs. Palmer*, 2 *Harr.* 144; *In re Truxton*, 2 *Mar.*373;
*Fitchett vs. Dolbee*, 3 *Harr.* 267; *Plunkettvs. Le Huray*, 4 *Harr.* 436;
*Lyon's Adm. vs. Houston's Adm.*, 2 *Harr.* 349; *Johns v. Allen*, 5
*Harr.* 419; *Rossell vs. Bartram*, 1 *Penn.* 242; *Carnog vs. Carnog*,
3 *Del. Ch.* 407; *Gemmill vs.  Richardson*,4 *Del. Ch.* 599.

(*July* 5, 1909.)

Judges CONRAD, WOOLLEY and HASTINGS, sitting.

*John B. Hutton* for petitioner.

*William M. Hope* for attaching creditor of petitioner.

Superior Court, Kent County, July Term, 1909.

PETITION TO PAY MONEY OUT OF COURT.

WOOLLEY, J., delivering the opinion of the Court:

It appears from the records of this Court and from the several petitions filed in this cause, that at the
Term, A. D. 1908, a judgment was entered in favor of Jennie W. Hawkins against Thomas S. Maughn, which became a lien on the lands of the said Thomas S. Maughn. On the fifteenth day of June, A. D. 1908, Thomas S. Maughn granted and conveyed the lands so encumbered, unto Thomas R. Adams. On the sixteenth day of June, A. D. 1908, a judgment was entered in this Court in favor of Mary E. Shelly against Thomas R. Adams, for the real debt of four hundred and thirty-two dollars, which became a lien upon the land so conveyed by Thomas S. Maughn to Thomas R. Adams.

To the February Term A. D. 1909, a writ of *venditioni exponas* was issued upon the judgment against Thomas S. Maughn, addressed to William E. Maloney, Sheriff of Kent County, pursuant to the mandate of which, the sheriff sold the lands encumbered by the two judgments aforesaid, at public auction, and made proper return of the said writ, with his doings thereunder endorsed thereon.

It appears that the February Term, A. D. 1909, of the court commenced on Monday, the first day of February, A. D. 1909.

It does not appear when and upon what date the sheriff distributed the proceeds of the sale.

On Thursday, the fourth day of February, A. D. 1909, a writ of *fieri facias* with an attachment clause appended, issuing from S. Brady Cooper, a Justice of the Peace for Kent County, was laid in the hands of the sheriff, and the rights and credits of Mary E. Shelly in her judgment against Thomas R. Adams, were attempted to be attached.

The amount of the proceeds of the sale then or afterwards

ascertained to be applicable to the judgment in favor of Mary E. Shelly and against Thomas R. Adams, was the sum of eighty-five dollars and forty-five cents, which sum being demanded by the said Mary E. Shelly by virtue of her rights as plaintiff in the said judgment against Thomas R. Adams, and being also demanded by Harriett D. Cooper, the judgment creditor of the said Mary E. Shelly under the attachment *fieri facias* laid in the hands of the sheriff, as aforesaid, the sheriff of Kent County presented his petition to this Court and asked and obtained leave to pay the same into the registry thereof.

At the April Term A. D. 1909, Mary E. Shelly presented her petition, praying that the sum of eighty-five dollars and forty-five cents so paid into court, be paid and delivered to her.

The prayer of the petition was resisted by Harriett D. Cooper, the attaching creditor of Mary E. Shelly, upon the grounds, first, that the money was improperly paid into court, and second, that the attachment was properly laid and therefore the money should be paid unto her as the attaching creditor of Mary E. Shelly, instead of being paid to Mary E. Shelly.

Considering first the question as to the propriety of the Court's order, allowing the prayer of the sheriff's petition to pay into court the money which was due someone under the judgment against Thomas R. Adams, it appears that the sheriff acted under *Section* 3 *of Chapter* 32 *of the Revised Code* (1893), wherein he is authorized to bring into court money for the payment of which there are several claimants, and that upon the face of his petition he complied with *Section* 4 *of Rule VII. of the Rules of the Superior Court*, in making "a written statement of the facts and of the several claimants." By his petition it further appears that one claimant is Mary E. Shelly, who demanded the money because of rhə position as judgment creditor of Thomas R. Adams, terre tenant of the lands from the sale of which the money in dispute arose, and that the other claimant is Harriett D. Cooper, who demanded the money because of her position as a creditor of the said Mary E. Shelly and because of rights claimed under the attachment process laid in the hands of the sheriff.

While obviously two people were claiming of the sheriff one fund and while the sheriff received two demands for the payment of one sum, the counsel resisting the petition to pay the money out of court, urges that Harriett D. Cooper was the creditor of Mary E. Shelly, and as Mary E. Shelly was the creditor of Thomas. R. Adams, to the payment of whose judgment in part the fund was applicable, there was in theory but one claimant and that claimant was the person who in law was entitled to the fund applicable to Adams' judgment. He further contends that the right to the fund of Mary E. Shelly as a claimant, was lost by her when her rights and credits were attached by Harriett D. Cooper in the hands of the sheriff, and as a consequence Harriett D. Cooper is the only claimant. If this be true, it is urged, that there were not several claimants with conflicting claims as contemplated by the statute and the rule, and therefore the money was improperly paid into court on the sheriff's petition.

While it is true that the sheriff might have pleaded *nulla bona* to the attachment, and in the trial of that plea either before a Justice of the Peace or on appeal to this Court, have had determined and adjudicated the right of a creditor of a distributee to attach in the hands of the sheriff the funds to be distributed, or while recovery might be had in an action at law against the sheriff for funds improperly applied or withheld by him, yet the Court does not feel that in this case, when the claims were submitted to it for its decision without objection from either party seeking the fund, the sheriff's petition on its face showing there were two claimants with conflicting claims, it should annul its order and cause the question involved and to be next considered, to be returned to it in another manner and by a circuitous route.

The remaining objection to the prayer of the petition, urged by the counsel resisting, is that the rights of Mary E. Shelly in the fund applicable to her judgment against Thomas R. Adams, have been attached in the hands of the sheriff, hence the money should be paid, not to her, but to her attaching creditor.

Counsel for the contesting claimants agree, that in law, the alienee of the defendant in the writ, succeeds to the right of his

grantor to be paid any balance of the proceeds of the sale remaining after payment of all legal demands against the defendant, and that when there are judgments against the alienee, the balance which otherwise would be paid to the alienee, should be applied to the payment and discharge of those judgments.

There is, therefore, left for determination but one question, which is the manner and time in which money in the hands of a sheriff, may be diverted, by attachment process, from the ordinary channels of distribution.

The courts of this State have quite uniformly held, that money held by a public officer or other person in a fiduciary capacity, is not liable to attachment, while so held.

*Farmers Bank vs. Ball*, 2 *Penn.* 374 (377); *Jaquett's Adm. vs. Palmer*, 2 *Harr.* 144; *In re Truxton*, 2 *Mar.*, 373; *Fitchett vs. Dolbee*, 3 *Harr.* 267; *Plunkett vs. Le Huray*, 4 *Harr.* 436; *Lyon's Adm.vs. Houston's Adm.*, 2 *Harr.* 349; *Johns vs. Allen*, 5 *Harr.* 419; *Rossell vs. Bartram,* 1 *Penn.* 242.

The reason of this rule, among others, is that it is against private rights to disturb, by legal process, the lawful administration of a fiduciary relation, and it is against public policy to embarass or disturb, by execution process, public officers, in the orderly administration of public duties.

The rule however is limited in its duration to the period of the fiduciary relation, the language of our decisions being, that "money held by a public officer or other person in a fiduciary capacity, is not liable to attachment, *while so held.*"

As the sheriff is a public officer, acting in a fiduciary capacity, it is necessary to ascertain how and when he ceases to act in that capacity, in order to acsertain how and when he is liable to attachment for money received in his hands officially and held in his hands unofficially.

Counsel in opposing the prayer of the petition urges that the time at which to determine the order of distribution and to ascertain the existence of a surplus due the defendant in the writ or his alienee, is upon the return day of the selling writ and not upon a subsequent day when actual distribution is made.   It is con-

tended that upon the return day of the writ, all rights are fixed and all persons entitled to share in the proceeds of the sale, are ascertained. The Court holds otherwise, as it is of the opinion that no persons obtain fixed rights in the proceeds of a sheriff's sale until, at least, the sale is confirmed, which cannot be until the first Friday after the return day of the writ. Even after confirmation, the order of the distribution and the personnel of the distributees may change from time to time. After confirmation and before final distribution, one or more judgments against the defendant might be assigned, paid or vacated, or the method of distribution changed and diverted by the decree of the Chancellor. (*Carnog v. Carnog*, 3 *Del. Ch.* 407; *Gemmill vs. Richardson*, 4 *Del. Ch.* 599.)

In *Jaquett's Adm. v. Palmer*, 2 *Harr.* 144, the Court held that a surplus in the hands of the sheriff, "after all executions are satisfied," may be attached, thereby indicating that the fiduciary capacity of the sheriff did not cease to exist until he had applied the proceeds to the satisfaction of all legal demands. *In re Truxton*, 2 *Marvel* 373, the Court held that the sheriff could not be held on attachment for not answering as garnishee unless it should appear that he had a balance in hand to be paid over to the defendant.

It therefore appears by the decisions in this State, that money in the hands of a sheriff cannot be attached until after he has performed his fiduciary duties by applying the proceeds of a sale to all legal demands. When the money is applied to all legal demands, and a balance or over-plus is ascertained, then such balance or over-plus is held by him otherwise than in his fiduciary capacity, and for it he is liable either to be sued or attached. (*Fitchett v. Dolby*, 3 *Harr.* 267.)

As the attachment in this case was laid one day before the day of the confirmation of the sale, its purpose could not have been to reach a surplus, for no distribution is shown to have been made before confirmation, its object was to reach and get the share of one of the legal distributees before distribution was made and completed, and its effect was to embarrass and disturb

the sheriff as a public officer in the orderly distribution of funds held by him in his fiduciary capacity. The Court is of the opinion that the attaching creditor of Mary E. Shelly takes nothing by her process, and that Mary E. Shelly, as plaintiff in the judgment against Thomas R. Adams, is entitled to the money paid into court, less the costs of her petition, and directs an order to be drawn accordingly.