## In Re Eliason et al.

1. Garnishment—Clerks at Public Sale Who Retained Proceeds for Safe-keeping for Seller Could be Garnished.

Where clerks at a public sale of the property of a defendant in a foreign attachment proceeding, at her request after the sale retained the money arising from the proceeds of the sale temporarily for safe-keeping, they were merely agents, and not trustees, of such defendant, who could maintain action of assumpsit against them for the money left with them, and attachment or garnishment process will lie against them at the instance of plaintiff in the foreign attachment proceeding.

2. Garnishment—Writ May Issue Where Assumpsit Will Lie for Money.

Where defendant in attachment may maintain assumpsit against the garnishee, attachment will lie.

(*March* 22, 1921.)

Pennewill, C. J., and Conrad, J., sitting.

*L. Irving Handy* for petitioners.

*John Pearce Cann* for respondent.

Superior Court for New Castle County, March Term, 1921

For. Attach., No. 85, March Term, 1921.

Action by Ellen D. Booth against Pearl T. Bingnear and another, wherein Morris Eliason and another were garnisheed. Motion for discharge from attachment as garnishees denied.

This matter comes before the court on written motion of Morris Eliason and John P. Cochran, Jr., wherein they recite that. Pearl T. Bingnear sold certain personal property at public sale, at which they acted as clerks. And they allege that at the close of the sale, the proceeds thereof, the sum of $519.11, were entrusted to them for safe-keeping, as Pearl T. Bingnear did not want to keep so large a sum of money on the farm. Subsequently and

before the money was turned over to her Ellen D. Booth caused foreign attachment to be issued against the said Pearl T. Bingnear and Charles J. Bingnear, and the petitioners were summoned as garnishees. They allege in their petition that they believe they hold said money as trustees for said Pearl T. Bingnear and are, therefore, not liable to attachment as garnishees, and prayed the court they be discharged therefrom.

CONRAD, J. (delivering the opinion of the court). Garnishment process will not lie against a trustee. *Plunkett v. Le Huray*, 4 *Harr.* 436.

Money of client in the hands of his attorney cannot be attached. *Johns v. Allen*, 5 *Harr.* 419.

Neither an administrator nor the debtor of the estate can be attached as garnishee. *Lyons' Adm'r v. Houston*, *Ex'r*, 2 *Harr.* 349.

The State Treasurer is not liable to attachment for money due from the state to an individual. *Farmers' Bank v. Ball*, 2 *Pennewill*, 374, 46 *Atl.* 751.

[1] In the case at bar, the petitioners were clerks at a public sale of the personal property of Pearl T. Bingnear, one of the defendants in the foreign attachment proceeding, and at her request the petitioners, after the sale, retained the money arising from the proceeds of the sale temporarily for safe-keeping. Retaining the money in such capacity, the petitioners were merely agents of Pearl T. Bingnear, who could maintain action of assumpsit against them for the money left with them.

[2] Where the defendant, in the attachment proceeding, could have maintained an action of assumpsit against the garnishee attachment will lie. 20 *Cyc.* 1000.

The conclusion of the court is that the attachment laid in the hands of the petitioners was properly laid, and they should not be discharged from the attachment.

Rule discharged, costs on petitioners.