H. WILSON LOWE, trading as Lowe Brothers, Plaintiff, v. HENRY H. HULLIGER, trading as H. H. Hulliger, Defendant.

(*January* 21, 1952.)

HERRMANN, J., sitting.

*W. Howard Thompson* for Plaintiff.

*Everett F. Warrington* for Harry I. Truitt.

Superior Court for Sussex County.

HERRMANN, J.:

The question presented for decision is this: May money in the hands of a sheriff, collected on execution and held by him for distribution to an execution creditor, be attached or garnished under a writ of foreign attachment?

On October 5, 1951, the plaintiff recovered a judgment against the defendant and a writ of attachment *fi. fa.* was issued thereon. A levy was made by the Sheriff upon property of the defendant. On November 8, 1951, the defendant delivered to the Sheriff a sum of money sufficient to satisfy the judgment and all costs. On the same day, a writ of foreign attachment was served upon the Sheriff purporting to attach all moneys in the Sheriff's hands belonging to the plaintiff. The plaintiff is not a resident of Delaware. The writ of foreign attachment was issued in connection with an action which had been commenced by Harry I. Truitt against the plaintiff herein under our foreign attachment statute. The Sheriff deposited the money into the Registry of this Court upon the ground that there were conflicting claims to the fund. The matter was presented for decision by

the issuance of a rule upon Truitt to show cause why the money should not be disbursed to the plaintiff. Truitt contends that the funds were validly attached in the Sheriff's hands before he deposited them into Court and that the money should now be returned to the Sheriff to be held by him under the writ of foreign attachment.

██ It is settled in this State that, as a general rule, money in the possession of a sheriff may not be attached while held by him in his fiduciary capacity. It is also settled that money in the hands of a sheriff, for distribution to an execution creditor, is held by the sheriff in his fiduciary capacity. *In re Shelly*, 1 *Boyce* 10, 73 *A.* 796; *Woolley, Del. Pract.*, §§ 1073, 1171, 1280.

 Truitt relies upon cases in which this Court has adopted a widely recognized exception to the general rule by holding that there may be a valid attachment of money in the possession of a sheriff if the money constitutes a surplus due to the execution debtor after payment of all legal demands, *Jaquett's Adm'r v. Palmer*, 2 *Harr.* 144; *Farmer's Bank of Delaware v. Ball*, 2 *Penn.* 374, 46 *A.* 751; *Woolley, Del. Pract.*, § 1073; *In re Shelly, supra; Drake on Attachment*, § 251. Truitt contends that the general rule has been applied to execution attachment only and that the Court should now carve another exception from the general rule so that funds in the hands of a sheriff may be reached under a writ of foreign attachment. This Court has carefully preserved the general rule and has repeatedly refused to enlarge the exception. See *In re Truxton*, 2 *Marv.* 373, 43 *A.* 257; *In re Shelly, supra*. It does seem incongruous to say that a non-resident may utilize the process of this Court in an action commenced by him to collect a debt, but that he may then be able to avoid the process of this Court, in an action commenced against him by writ of foreign attachment, on the ground that the *res* which is requisite for jurisdiction is *in custodia legis* and, therefore, cannot be attached. Nevertheless, Truitt's contention cannot be accepted because we make no distinction between writs of foreign attachment and

writs of attachment *fi. fa.* with respect to what may be attached or garnished. *Woolley, Del. Pract.,* § 1280; 1935 *Code,* § 4846. The prior decisions of this Court involving execution attachment are controlling in the instant case. The incongruity must be accepted, it seems, because of the public policy which requires that public officers must not be disturbed in the orderly administration of their duties.

It is concluded that money in the hands of a sheriff, collected on execution and held by him for distribution to an execution creditor, is not subject to attachment or garnishment under a writ of foreign attachment. Accordingly, the attempted attachment or garnishment of the plaintiff's funds in the hands of the Sheriff must be held to be ineffective. The money will be disbursed to the plaintiff.