44 N.J. Super. 377 (1957)
130 A.2d 648
LOUIS SCHOENWIESNER, CLAIMANT-APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 18, 1957.
Decided April 2, 1957.
Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Louis Schoenwiesner, pro se.
Mr. Clarence F. McGovern, for the Board of Review, respondent.
*378 The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal taken by the clainant from a decision of the Board of Review, denying him unemployment compensation. The only question raised by the appeal is whether the claimant is disqualified from benefits because of N.J.S.A. 43:21-5(d):
"An individual shall be disqualified for benefits:

* * * * * * * *
(d) For any week with respect to which it is found that his unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed * * *." (Italics added.)
The union, to which claimant belonged, had taken a "strike vote" after 17 meetings with the employer and had already notified the company of the vote, and in fact was in the process of putting it into effect, when the "company jumped the gun and asked the men to turn in the company tools and property." Claimant asserts there was a lockout, and we will assume that to be so.
The question, then, is whether a lockout is a "labor dispute" within the purview of the statute cited. We are bound by the law as it exists. Though the precise question has not been directly decided, yet it has been authoritatively stated in our cases that a labor dispute includes a lockout within the intendment of the statutory clause. Ablondi v. Board of Review, 8 N.J. Super. 71, 76 (App. Div. 1950); Mortensen v. Board of Review, 21 N.J. 242, 246, 247 (1956); cf. Bogue Elec. Co. v. Board of Review, 21 N.J. 431, 437 (1956). These rulings are in accord with the rather comprehensive construction put upon the term "labor dispute." Ablondi v. Board of Review, supra; Mortensen v. Board of Review, supra; Aitken v. Board of Review of Unemployment, etc., Commission, 136 N.J.L. 372 (Sup. Ct. 1948); Great A. & P. Tea Co. v. New Jersey Dept. of Labor and Ind., Div. of Unemployment Comp., 29 N.J. Super. 26, 30 (App. Div. 1953); Unemployment Comp. Comm. v. Aragon, 329 U.S. 143, 149-151, 67 S.Ct. 245, 91 L.Ed. 136, 143 *379 (1946). They are in accord with the usage of the term as it appears in another clause of the statute, namely, N.J.S.A. 43:21-5(c)(2)(a), referring to a "strike, lockout, or other labor dispute." (Italics added) And they are in accord with all decisions we have found in other jurisdictions which have dealt with the present question. Buchholz v. Cummins, 6 Ill.2d 382, 128 N.E.2d 900, 903 (Sup. Ct. 1955); Adkins v. Indiana Employment Security Division, 117 Ind. App. 132, 70 N.E.2d 31 (App. Ct. 1946); In re North River Logging Co., 15 Wash.2d 204, 130 P.2d 64 (Sup. Ct. 1942); Nelson v. Texas Employment Commission, 290 S.W.2d 708 (Tex. Civ. App. 1956); cf. McKinley v. California Employment Stabilization Comm., 34 Cal.2d 239, 209 P.2d 602 (Sup. Ct. 1949); Midvale Co. v. Unemployment Compensation Bd. of Rev., 165 Pa. Super. 359, 67 A.2d 380, 384 (Super. Ct. 1949).
As will be seen from Ablondi and Mortensen, our courts have looked upon the problem as one that should be resolved by legislation. Cf. Lesser, "Labor Disputes and Unemployment Compensation," 55 Yale L.J. 167, 178 (1945). To this it may be added that our Legislature has been quite cognizant of the point, as evidenced by eight bills introduced in 1956 and 1957 dealing with the matter, none of which passed. Cf. too, Senate 280, 1951. For other bills, see Ablondi and Mortensen.
The decision of the Board of Review, holding that the term "labor dispute" appearing in N.J.S.A. 43:21-5(d) includes a lockout, will be affirmed.