230 So.2d 31 (1970)
Joseph OLUSCZAK et al., Petitioners,
v.
FLORIDA INDUSTRIAL COMMISSION and American Cyanamid Company, Respondents.
No. L-414.
District Court of Appeal of Florida. First District.
January 8, 1970.
Hardee, Ott, Hamilton & Stephens, Tampa, for petitioners.
Wofford H. Stidham, of Holland & Knight, Lakeland, and Patrick H. Mears, Tallahassee, Gen. Counsel for the Florida Industrial Commission, for respondents.
*32 RAWLS, Judge.
Numerous claimants petition for writ of certiorari to review an order of the Industrial Commission's Board of Review denying them unemployment compensation benefits.
The primary question to be decided by this Court is the construction of Section 443.06(4), Florida Statutes, F.S.A., which disqualifies an employee from benefits of unemployment compensation due to a labor dispute in active progress in which such employee is participating or is directly interested.
The basic facts are: Most of the petitioners are members of the International Chemical Workers Union, Local No. 34, which has been certified by NLRB as the exclusive collective bargaining representative for all employees of Cyanamid within the bargaining group, and were employed by respondent Cyanamid in its Brewster plant in Florida. The Union and the Company had a contract regulating wages, hours, working conditions, vacations, etc. which expired September 15, 1968. During the period between August 13 and November 14, 1968, twenty negotiating sessions were held between the parties, with the Company on the latter date submitting its very best proposal by letter to the Union and on said date explaining that the uncertainties and instability brought upon the Company by the absence of a contract prevented the orderly planning of production, sales, etc. necessary to business, and because of this condition if no agreement could be reached by November 30, 1968, the Company would not reopen its plant on said date. The Union, after voting, rejected the Company's very best proposal on November 22, 1968, by a small majority. On November 29, 1968, the Union met at a "shut-down meeting," and the Company did not reopen its plant on November 30. On December 7, 1968, the Union adopted the Company's proposal, the plant reopened, and all workers were recalled. The petitioners here filed for unemployment compensation for the days the plant was closed.
The Claims Examiner, Chief Appeals Referee, and the Board of Review of the Florida Industrial Commission concluded that the claimants-petitioners were disqualified for benefits under Section 443.06(4), Florida Statutes, because unemployment was due to a labor dispute in active progress and all claimants were directly interested in the dispute. We agree.
In Meyer v. Florida Industrial Commission[1] the District Court of Appeal, Second District, in considering the petitioner's claim for unemployment compensation, stated:
"As we understand the term `labor dispute,' it includes any controversy between employer and employee concerning wages, hours, working conditions or terms of employment. Ablondi v. Board of Review, 8 N.J. Super. 71, 73 A.2d 262. When once a `labor dispute' begins, it remains in `active progress' until it is finally settled, terminated or completely abandoned. Local No. 658, Boot & Shoe Workers Union v. Brown Shoe Co., 403 Ill. 484, 87 N.E.2d 625; Unemployment Compensation Commission of Territory of Alaska v. Aragon, 329 U.S. 143, 67 S.Ct. 245, 91 L.Ed. 136."
The vital question which has not been decided in this jurisdiction is whether a lockout is a "labor dispute." This question has been answered in the affirmative in other jurisdictions which have statutes that are basically the same as Section 443.06(4), Florida Statutes, F.S.A.[2] In re North *33 River Logging Company,[3] one of the most comprehensive and well-reasoned opinions on the subject, states the following basic reasons for its decision, viz.: (1) A lockout is the employer's weapon comparable to the employee's weapon of strike; (2) The essential features of our act are borrowed from the English act, and the English decisions are uniform in holding that a lockout is a labor dispute within the contemplation of the national insurance acts; and (3) Similar statutes in all states, except Maryland, have been so construed by administrative officers.
Petitioners assert their Federal and State constitutional rights have been violated because of the employer's action in locking-out its employees. As much as we might desire to construe the Florida constitutional provision as to each individual's "right to work" contrary to the dictates of the Federal law[4] upon the subject, such is not within our province. A union may by instituting a strike bring economic pressure upon an employer in seeking the demands of the unit it represents. An employer may, after a bargaining impasse has been reached, temporarily shut down his plant for the sole purpose of bringing economic pressure upon the employees in support of his legitimate bargaining position.[5] Such adversary confrontations constitute a "labor dispute" within the meaning of Section 443.06(4), Florida Statutes, F.S.A.
Lastly, petitioners urge that those employees who were not members of the Union, as well as the Union members who voted to accept the Company's offer of settlement prior to the lockout, should not be disqualified from receiving unemployment compensation benefits. They premise this position on the showing that these two categories of employees were willing to accept the Company's offer of wage settlement; did not threaten to strike but on the contrary evidenced their willingness to continue working until a contract settlement was reached; and, neither financed, participated nor were directly interested in the wage dispute between the Company and the majority of the Union members.
Such argument advanced by petitioners is indeed appealing and has received our sympathetic consideration. Although this precise question has never before been decided by the courts of Florida, it has been considered by many courts in other jurisdictions of our country, as well as in England. From a review of these authorities construing unemployment compensation statutes similar to ours, the rule emerges that under similar fact situations the employee has been uniformly disqualified from benefits. It appears to be immaterial whether the employee is a member of the Union which causes the labor dispute, or has any voice in its solution. The decisions hold that the employee is directly interested in the labor dispute within the disqualifying provision of the law if his wages, hours or working conditions will be affected favorably or adversely by the outcome.[6] This is so because by electing to accept employment with an employer whose employees are unionized, the non-Union employee becomes bound by the action of the Union which by operation of law becomes his exclusive bargaining agent. It has been held to matter not whether the employee Union member is willing to accept the employer's offer of settlement or whether as a non-Union *34 employee, he has no choice in the decision.
Certiorari denied.
CARROLL, DONALD K., Acting C.J., and WIGGINTON, J., concur.
NOTES
[1] Meyer v. Fla. Industrial Commission, 117 So.2d 216, 219 (Fla.App.2d 1960).
[2] Cameron v. DeBoard, 230 Or. 411, 370 P.2d 709 (1962); Sweet of La Crosse, Inc. v. Industrial Commission of Wisconsin, 16 Wis.2d 98, 114 N.W.2d 141, 853 (1962); Henzel v. Cameron, 228 Or. 452, 365 P.2d 498 (1961); Depaoli v. Ernst, 73 Nev. 79, 309 P.2d 363 (1957); Schoenwiesner v. Board of Review, 44 N.J. Super. 377, 130 A.2d 648 (1957); Nelson v. Texas Employment Commission, 290 S.W.2d 708 (Tex.Civ. App. 1956); Buchholz v. Cummins, 6 Ill.2d 382, 128 N.E.2d 900 (1955); and Adkins v. Indiana Employment Security Division, 117 Ind. App. 132, 70 N.E.2d 31 (1946).
[3] In re North River Logging Co., 15 Wash.2d 204, 130 P.2d 64 (1942).
[4] 29 U.S.C. § 159(a).
[5] American Ship Building Company v. N.L.R.B., 380 U.S. 300, 85 S.Ct. 955, 13 L.Ed. 855 (1965).
[6] Henzel v. Cameron (1961), 228 Or. 452, 365 P.2d 498; Chrysler Corporation v. Smith (1941), 297 Mich. 438, 298 N.W. 87, 135 A.L.R. 900, 920 et seq.