## CIRCUIT COURT OF THE CITY OF RICHMOND

T. C. Lacy, Jr., et al.

v.

Virginia Employment Commission

June 28, 1982

Case No. LE 1217

By JUDGE MARVIN F. COLE

The claimants' unemployment was the result of a labor dispute in active progress at the establishment where the claimants were last employed. This fact is not contradicted in the evidence in this case. Therefore, the claimants would be ineligible for benefits unless they come within both exceptions set forth in Section 60.1-52 of the Code of Virginia. The claimants must show to the satisfaction of the Commission that:

(1) He is not participating in or financing or directly interested in the labor dispute; and

(2) He does not belong to a grade or class of workers of which, immediately before the commencement of the labor dispute, there were members employed at the premises (including a vessel) at which the labor dispute occurs, any of whom are participating in or financing or directly interested in the dispute.

The sole issue in this case is for the court to determine whether the claimants have proved that they

were not participating in or financing or directly interested in the labor dispute. The evidence does not show that they were participating in or financing the labor dispute. Therefore, the issue is whether they were directly interested in the labor dispute, and I shall address my remarks to that finite issue only.

The facts of the case are rather simple. The claimants were sheetmetal apprentices who were unemployed because of an ongoing labor dispute between their employer and Sheetmetal Workers' Local 15. As apprentices the claimants could not perform their work without the supervision of journeymen who were striking union members. The claimants' wages were determined by a percentage of wages paid journeymen under the collective bargaining agreement between labor and management. The terms of claimants employment were based upon an agreement of indenture negotiated by their employer and sheetmetal workers union. The claimants were not union members, did not pay union dues, and had no voice in decisions made by the union.

In this case the burden is upon the claimants to show that they come within both of the statutory exceptions set forth above. The law of this case is well stated in the case of Burak v. American Smelting and Refining Company, 302 P.2d 182 (Colorado 1956). In this case the following rule is stated:

> The prevailing rule is that an employee is "directly interested" in a dispute, when his wages, hours or conditions of work will be affected favorably or adversely by the outcome of a strike. It is of no consequence that such employee is not a member of the Union conducting the strike or that he may not be in sympathy with its purposes. (Citations omitted.)

> We conclude that one whose job is classified in a Union contract and will gain or lose by reason of the success or failure of a labor dispute which culminates in a strike, is directly interested therein notwithstanding

he may not be a member of the Union which called the strike. Claimant in the instant case appears to have been a steady and reliable employee, and the only reason he was not working during the period involved was because a strike was called to determine the matter of wages and working conditions in which his status, with that of Union members, was directly involved. The termination of the strike could and would materially affect his compensation as well as the hours and conditions of his employment.

We think the inescapable conclusion is that claimant belonged to a "class of workers" who were "directly interested" in the strike, hence he is disqualified for unemployment benefits.

For further citations setting forth the law to be as above-stated, see Poggemoeller v. Industrial Commission, 371 S.W.2d 488 (Mo. 1963); Olusczak v. Florida Industrial Commission, 230 So.2d 31 (Fla. App. 1970); and Senegal v. Lake Charles Stevedores, Inc., 197 So.2d 648 (La. 1967).

Applying the above law to the facts of our case I am of the opinion that since the claimants' wages are determined by a percentage of the wages paid journeymen, the claimants do not come within the exceptions to the statute but rather are included within the general rule and are therefore ineligible for benefits. Using the above definition of "directly interested in the labor dispute", I believe that since the claimants' wages are determined by a percentage of the wages paid journeymen that the claimants are not eligible for benefits.