PER CURIAM.
In this appeal, some 1,000 former flight attendants of Eastern Air Lines, Inc., challenge an order of the Florida Unemployment Appeals Commission denying them unemployment compensation benefits. We affirm.
On March 4, 1989, the Transport Workers Union (TWU) Local 553, representing flight attendants, instituted a sympathy strike in support of the International Association of Machinists and Aerospace Workers’ strike against Eastern. The next day, appellant flight attendants filed for unemployment benefits. Their claims were denied. Four days later, on March 9, Eastern filed for bankruptcy. Claimants appealed the denial of benefits, arguing that their *812 unemployment after March 9 was due to Eastern’s bankruptcy filing. The appeals referee rejected that argument and found that claimants’ unemployment after March 9 was due to a labor dispute in progress, not the bankruptcy filing. When the Unemployment Appeals Commission upheld the benefits denial, this appeal ensued.
Participation in a labor dispute disqualifies one from receiving unemployment compensation. § 443.101(4), Fla.Stat. (1989). Because the appellants were directly interested in the Eastern labor dispute, they were subject to disqualification from benefits. Olusczak v. Florida Indus. Comm’n, 230 So.2d 31 (Fla. 1st DCA 1970). “The decisions hold that the employee is directly interested in the labor dispute within the disqualifying provision of the law if his wages, hours or working conditions will be affected favorably or adversely by the [labor dispute’s] outcome.” Id. at 33.
There was substantial competent proof that the attendants were out of work because of the strike and not because of Eastern’s bankruptcy filing. Record evidence established that Eastern continued to attempt to hire pilots and flight attendants to take the place of striking workers up to May 31, 1989 when the airline submitted a plan to downsize its operations. Eastern concedes that after implementation of the downsizing plan, claimants for whom no jobs would be available would not be subject to the labor dispute disqualification from unemployment benefits.
Once it was established that the labor dispute provision of section 443.101(4) was applicable to these attendants for the period of time in question, it was the attendants’ burden to show that they were exempt from the disqualification. Ash-mead v. Florida Indus. Comm’n, 155 So.2d 801 (Fla. 3d DCA 1963). Claimants failed to carry that burden and in fact essentially asserted that it was the responsibility of the employer to prove that they were not exempted from disqualification. This was a misapprehension of the law. Id.
Consequently, we affirm the order herein appealed.