## CIRCUIT COURT OF CHESTERFIELD COUNTY

James H. Hill et al.

v.

Virginia Employment Commission
and Allied Signal, Inc.

February 3, 1995

Case No. CH94-531

BY JUDGE JOHN F. DAFFRON, JR.

This matter came before the Court on appeal from the Virginia Employment Commission where the Commission denied compensation to the petitioners, who were unemployed because of a union strike.

The position of the petitioners is that they do not fall under the Code of Virginia § 60.2-612(2)(A) denying them eligibility. They argued that they were not engaged in a labor dispute, since they were not active members of the union, and should not have been denied compensation. The respondents argue that all members of the union, whether active or not, were engaged in the labor dispute and would receive the benefits resulting from the strike. As a result, the petitioners were justly denied compensation under § 60.2-612(2)(A) of the Code.

The Court is to determine whether the petitioners were eligible for unemployment compensation as a result of being out of work because of an ongoing labor strike between the Union of Allied Signal, Inc., and Allied Signal's management. Upon review of all of the evidentiary materials and consideration of counsels' arguments and supporting memoranda, the Court reaches the following conclusion.

### I. *Unemployment Compensation*

The Court finds that the petitioners were justly denied compensation under the Code of Virginia § 60.2-612(2)(A) by the Employment Commission. The Court finds that the petitioners were unemployed due to the

labor dispute in active progress between Allied Signal and its workers. The Court finds that § 60.2-612(2)(A) is controlling on the issue. Virginia Code § 60.2-612 provides in relevant part:

> An unemployed individual shall be eligible to receive benefits for any week only if the Commission finds that . . . .
>
> 2. a. His total or partial unemployment is not due to a labor dispute in active progress . . . (i) at the factory, establishment, or other premises, including a vessel, at which he is or was last employed . . . . This subdivision shall not apply if it is shown to the satisfaction of the Commission that:
>
> (1) He is not participating in or financing or directly interested in the labor dispute; and
>
> (2) He does not belong to a grade or class of workers of which, immediately before the commencement of the labor dispute, there were members employed at the premises, including a vessel, at which the labor dispute occurs, any of whom are participating in or financing or directly interested in the dispute.

There is no question that a labor dispute over collective bargaining occurred between the union and the Allied Signal, Inc., management. The Court holds that § 60.2-612(2)(A) does cover the activity of petitioners, as well as the union workers being engaged in that labor dispute. The Court particularly finds the language of *Wornom v. Newport News Shipbuilding & Dry Dock Co.*, No. 9939-C (1977), to be persuasive. Wornom held that "non-union workers are in the same grade or class as striking union workers, thus are ineligible for any unemployment benefits."

The petitioners fall under the category of workers covered by this statute and are to be held accountable under the section. The Court finds that even though the petitioner was not directly participating in the labor dispute, he belonged to the grade or class of workers being represented by the Union leaders. The Union leaders were acting in the best interest of the petitioners and the petitioners would have been enriched by all of the Union's efforts. Thus, they should have been treated identically to all of the union workers.

The petitioners have not shown that they were not directly involved in the outcome of the labor dispute or that they were outside of the grade or class of workers covered by the section. *Lacy v. Virginia Employment Commission*, 2 Va. Cir. 81 (Richmond 1982). There is evidence that all workers, whether active or non-active members, are considered Union

members and benefit from any bargaining. Therefore, regardless of Union participation, the petitioners were interested in the labor dispute. As for inclusion in the group or class, the petitioners were employed at the premises before the dispute arose. The petitioners failed to effectively provide any evidence to take them out of the category of workers covered by § 60.2-612(2)(A).

## II. *Virginia Right to Work Law*

Virginia's Right to Work law, Virginia Code §§ 40.1-58 to 40.1-69, prohibits requiring employees to belong to a union as a condition of employment or basing eligibility for work on membership or nonmembership in a union. *Moore v. Local No. 10, Plumbers and Steamfitters Union*, 211 Va. 520, 521-22, 179 S.E.2d 15, 16 (1971). The Court finds that the petitioners' membership in the Union was not a condition of their employment. It appears that all workers were treated equally by Allied Signal whether Union workers or not when they decided to employ substitute workers. The Court holds that there is no issue of a violation of the Virginia Right to Work statute.

The Court affirms the determination of the Virginia Employment Commission.