NORMAN W. LOOCKWOOD, Claimant, v. UNEMPLOYMENT COMPENSATION COMMISSION OF DELAWARE.

(*November* 2, 1950.)

WOLCOTT, J., sitting.

*Frank L. Speakman* for the Commission.

Superior Court for New Castle County, No. 373, Civil Ac-

tion, 1949.

WOLCOTT, J.

■ This appeal was docketed on May 2, 1949 and was not brought on for hearing until September 13, 1950. The long delay deserves some explanation. After the adoption on January 1, 1948 of the present Rules of the Superior Court, confusion resulted with respect to the determination of appeals from various quasi-judicial Commissions. The Prothonotary added such appeals to the trial lists which were published periodically but, because the appellants were for the most part the claimants and without counsel, the appeals, from time to time, despite the fact that for lack of prosecution, were continued such appeals are not trials de novo but are matters for argument to be decided upon the record made before the Commission. On April 25, 1950, to remedy the situation, Rule 72 (g) was adopted, which provides that upon the filing of a record in such appeals, the appeal shall be set down as a matter of course for hearing on the next succeeding argument day. The accumulation of appeals is now being reduced at each regular argument day as the result of the adoption of Rule 72 (g).

In the instant case, the Unemployment Compensation Commission, pursuant to Section 6 (e) of the Unemployment Compensation Law, 41 Del. Laws, c. 258, reviewed the decision of the referee denying benefits upon the claim of Norman W. Lockwood, and affirmed that decision. A copy of the Commission's decision pursuant to the Act was mailed to the claimant on April 14, 1949.

■ The claimant desired judicial review of the Commission's decision under Section 6 (i) of the Unemployment Com-

pensation Law and, accordingly, addressed a letter to the Commission dated April 23, 1949, setting forth his reasons for seeking review of the Commission's decision, and stating that he desired to appeal. The claimant's letter was received by the Commission on April 27, 1949 and, on the same day, was returned to the claimant with a letter instructing him that any appeal to be taken from the Commission's decision should be addressed to this Court. Thereupon, the claimant forwarded his letter of April 23, 1949 to this Court under post mark of April 30, 1949. His letter was received in the office of the Prothonotary on May 2, 1949 and the appeal docketed that same day. The content of the claimant's letter is sufficient to constitute a petition for judicial review under the requirements of the Unemployment Compensation Law.

Upon the docketing of the appeal, the Commission filed its answer to the claimant's petition for review and the record of all proceedings before it, including a transcript of the testimony. The answer of the Commission asserts that the petition should be dismissed because it was not filed within ten days after the Commission's decision had become final, and that the finding of the Commission that the claimant was discharged from his employment for just cause is supported by evidence and therefore conclusive upon this Court.

██ ██ Section 6 (i) of the Unemployment Compensation Law provides that within ten days after the decision of the Commission has become final, an appeal may be taken by any aggrieved party. Section 6 (h) of the Law provides that a decision of the Commission shall become final ten days after the date of mailing or notification thereof. The effect of these two provisions is to provide a period of twenty days following the mailing of the Commission's decision within which an appeal therefrom may be taken to this Court. In the instant case, a copy of the Commission's decision was mailed to the claimant on

April 14, 1949. The appeal period thus ended May 5, 1949. The appeal was docketed in this Court May 2, 1949 within the permissive period. The motion to dismiss the appeal as untimely is therefore denied.

The second ground assigned by the Commission in opposition to the appeal is that the decision of the Commission, that the claimant was discharged from his employment for just cause in connection with his work and therefore disqualified under Section 5 (b) of the Law, as amended by 46 Del. Laws, c. 162, § 5, for benefits for the period of employment next ensuing, is supported by evidence and is therefore conclusive on this Court.

■ I have carefully reviewed the record filed in this cause and find that there is evidence having probative value in the proceedings before the Commission which supports the finding and decision of the Commission. Accordingly, under Section 6 (i), the finding of the Commission is conclusive. The decision of the Commission is affirmed.