No. 17,916.

MUKARY BURAK *v.* AMERICAN SMELTING AND REFINING COMPANY, ET AL.

(302 P. [2d] 182)

Decided October 8, 1956.

Mr. GEORGE M. McNAMARA, for plaintiff in error.

Messrs. HOLLAND & HART, Mr. FIELD C. BENTON, for defendant in error American Smelting and Refining Company.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JAMES E. RENNER, Assistant, for the Industrial Commission of Colorado and BARNARD E. TEETS, Director of Unemployment Compensation.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as Claimant, seeks reversal of a District Court judgment affirming a

decision of the Industrial Commission which denied Claimant payment of unemployment compensation benefits. The case arises under the provisions of the Employment Security Act, C.R.S. 1953, 82-4-1, et seq. and 82-5-1, et. seq.

In July, 1955, Claimant filed his claim for unemployment compensation, giving as his reason that he was unemployed and had been locked out of his immediate past job by defendant in error, The American Smelting and Refining Company, because of a strike called by a Union, of which Claimant was not a member. The Industrial Commission denied the claim, and pursuant to regular procedures Claimant filed in the District Court his petition for a review of the decision of the Industrial Commission. The District Court affirmed the decision of the Industrial Commission.

It is admitted that the Union which called the strike was the certified bargaining agent for the employees of The American Smelting and Refining Company, Employer. At one time Claimant was a member of the Union but had withdrawn therefrom. It is also admitted that Claimant's job and wages were classified in the agreement between the Union and the Employer. Upon competent evidence in the record, the Industrial Commission found that Claimant stood to lose or benefit by any new contractual arrangements made as a result of the strike.

James J. Ryan, personnel manager of the Employer, when interrogated by the Referee of the Industrial Commission, testified as follows: "Q. This man's (Claimant) wages, hours and working conditions would be affected by any ultimate contract which is made between the Union and the Company? A. Yes sir, any contract changes, they will affect him just the same as the Union. Q. And there are some members of the Union doing the same or similar classified job? A. Yes. His job is classified in the contract, and the daily wage, and he's only one individual — we have only one boxer and a machine

at the plant, but — Q. Regardless of whether he's a box man there or whether he is doing another job, he's in the same general classification? A. That's right. Q. There are other employees and it's covered by the Union contract? A. That's right. It's covered under the Union Contract. Q. In other words, you couldn't take him out of the terms of the contract. You couldn't pay the Union man $2.00 an hour and pay him $1.10? A. No."

This evidence together with the written agreement between the Employer and the Union shows that Claimant was in a grade 4 classification as were certain other classified jobs; that Claimant was subject to the terms of the Agreement, and a careful examination of the record fails to disclose any escape clause provided in the applicable statute, C.R.S. '53, 82-4-11.

Claimant contends that he was the only employee doing the particular kind of work to which he was assigned at the time the strike was called, and did not belong to the Union; hence he comes within sub-division 2 of Section 82-4-11, supra, which provides:

"DISQUALIFICATION DUE TO STRIKES. — An individual shall be disqualified for benefits for any week with respect to which the commission finds that his total or partial unemployment is due to a stoppage of work which exists because of a strike at the factory, establishment or other premises at which he is or was last employed. This section shall not apply if it is shown to the satisfaction of the commission that:

(1) He is not participating in or financing or directly interested in the strike which caused the stoppage of work; and

(2) He does not belong to a grade or class of workers, of which, immediately before the commencement of the strike, there were members employed at the premises at which the strike occurs, any of whom are participating in or financing or directly interested in the strike.

If in any case separate branches of work which are commonly conducted as separate businesses in separate

premises are conducted in separate departments of the same premises, each such department, for the purposes of this section, shall be deemed to be a separate factory establishment, or other premises."

    The Referee and the Industrial Commission found that as a matter of fact Claimant belonged to the same grade or class of workers who were on strike. This finding is amply supported by competent evidence in the record, and under our 'oft repeated holdings must be accepted by the courts. *Zuzich v. Leyden, Lignite Company, et al.* 120 Colo. 21, 206 P. (2d) 833.

    The burden rests upon Claimant to prove that he comes within the exceptions of the statute which entitle him to unemployment compensation in the event of a strike. *Martineau v. Director of Div. of Emp. Sec.* 329 Mass. 44, 106 N.E. 2d 420; *Johnson v. Pratt,* 200 S.C. 315, 20 S.E. 2d 865; *Queener v. Magnet Mills, Inc.* 179 Tenn. 416, 167 S.W. 2d 1.

    The prevailing rule is that an employee is "directly interested" in a dispute, when his wages, hours or conditions of work will be affected favorably or adversely by the outcome of a strike. It is of no consequence that such employee is not a member of the Union conducting the strike or that he may not be in sympathy with its purposes. *Martineau v. Director of Div. of Emp. Sec.* supra; *Nobes v. Michigan Unemp. Commission,* 313 Mich. 472, 21 N.W. 2d 820; *Badgett v. Dep't of Industrial Relations,* 243 Ala. 538, 10 So. 2d 880; *Local 658 Boot & Shoe Workers Union v. Brown Shoe Co.* 403 Ill. 484, 87 N.E. 2d 625; *Huiet v. Boyd,* 64 Ga. App. 564, 13 S.E. 2d 863; *Chrysler Corp. v. Smith,* 297 Mich. 438, 298 N.W. 87; *Wicklund v. Commissioner of Unemployment Compensation,* 18 Wash. 2d 206, 138 P. (2d) 876.

    We conclude that one whose job is classified in a Union contract and will gain or lose by reason of the success or failure of a labor dispute which culminates in a strike, is directly interested therein notwithstanding he may not be a member of the Union which called the

strike. Claimant in the instant case appears to have been a steady and reliable employee, and the only reason he was not working during the period involved was because a strike was called to determine the matter of wages and working conditions in which his status, with that of Union members, was directly involved. The termination of the strike could and would materially affect his compensation as well as the hours and conditions of his employment.

We think the inescapable conclusion is that Claimant belonged to a "class of workers" who were "directly interested" in the strike, hence he is disqualified for unemployment benefits.

The judgment is affirmed.