## Lepper Unemployment Compensation Case.

Argued November 11, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Walter D. Lepper,* appellant, in propria persona.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY HIRT, J., December 9, 1958:

A labor union known as Division 85 of Amalgamated Association of Street, Electric Railway and Motor Coach Employes of America was the sole bargaining agent for all employes of Pittsburgh Railways Company covered in the labor-management agreement which expired on September 1, 1957. Claimant had been in the employ of Pittsburgh Railways Company as a substation operator for about 46 years. He was eligible for membership in the union but, under the labor-management agreements he was not required to join the union as a condition of his continued employment because of his long service with the company. Claimant never joined the union but Division 85 nevertheless became his bargaining representative in negotiating labor relations with his employer by reason of the fact that he, as a "Substation Operator", along with other employes within that job classification, was covered in the labor-management agreement with which we are concerned.

Claimant's last day of work was October 12, 1957. He was unemployed thereafter until on or about December 7, 1957, during the period of a strike called by Division 85, because of the failure of the management until that date to consummate a new collective bargaining agreement with the union. The board denied

unemployment compensation benefits under §402(d) of the Unemployment Compensation Act as amended May 23, 1949, P. L. 1738, 43 PS §802.

On the above undisputed facts, which are reflected in the findings of the board, this appeal by claimant from the denial of benefits by the board, is ruled by *Curcio Unemployment Compensation Case*, 165 Pa. Superior Ct. 385, 68 A. 2d 393 followed in *Stahlman Unempl. Compensation Case*, 187 Pa. Superior Ct. 246, 144 A. 2d 670. We need not repeat what we there said. It is sufficient to note that the claimant here, was unemployed because of a labor dispute, and he, although not a member of the striking union belonged to a grade or class of workers, to wit: that of "Substation Operator" covered by the union-management agreement, which participated in the strike. Moreover there can be no question that claimant was directly interested in the dispute and that he benefited by the new agreement which was negotiated by the union in representing all of the members of his classification. In his testimony before the referee claimant admitted that he had benefited by the raise in pay for members of his group classification, secured by the union in negotiating the new agreement with the company which became effective on or about December 27, 1957. On his admission claimant's hourly pay under the new agreement was increased from $2.26 to $2.44. The admitted facts clearly bar claimant from benefits under §402(d).

Decision affirmed.