249 A.2d 46.

MATTHEW V. ANNESE *vs.* BOARD OF REVIEW OF THE
DEPARTMENT OF EMPLOYMENT SECURITY.

JANUARY 16, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is a petition brought in superior court pursuant to G. L. 1956, §28-44-52, to obtain judicial review of a decision of the board of review of the department of employment security.   The superior court, after hearing thereon, affirmed the decision wherein the board had sustained the director of the department in denying the petitioner's claim for unemployment benefits under the terms of the employment security act.   A decree was entered denying and dismissing the petition, and the petition-

er has prosecuted his appeal therefrom to this court as provided in §28-44-55.[1]

The record discloses that petitioner accepted employment as a machinist with a company manufacturing boats on July 18, 1962. On the day following his acceptance for such employment, July 19, 1962, he reported for work only to find that a strike had been called by a union which was the collective bargaining representative for all production employees, including machinists. At the time the strike began, petitioner did not hold membership in this union. At the termination of his 30-day period as a probationary employee, however, he became a member of the union. The strike ended in less than two weeks, and petitioner returned to his employment on August 1. As a result of the strike there was a general increase in wages awarded to all employees, and petitioner was the recipient of such a wage increase.

The board disallowed petitioner's claim for unemployment benefits on the ground that he was barred by statute from recovering such benefits as one who was directly interested in the labor dispute which caused the work stoppage. The statute upon which the board relied, §28-44-16, provides that an employee shall not be entitled to benefits until after the expiration of a penalty period if he became unemployed because of a strike or other industrial controversy in the establishment in which he was employed. This portion of the statute, however, is not applicable where "* * * it is shown to the satisfaction of the director that the claimant is not a member of the organization or group responsible for the stoppage of work, and is not participating in or financing or in any way directly interested in the labor dispute which caused the stoppage of work."

---

[1]The appeal in this case was taken from a decision of the superior court prior to January 1, 1964, the effective date of the administrative procedures act. G. L. 1956, chap. 35 of title 42.

To escape the bar of the above statute, the claimant must establish by satisfactory evidence that he was not a member of the union responsible for the stoppage and, in addition to that, that he was not participating in or financing the work stoppage or was not in any way directly interested in the labor dispute which caused the stoppage. The board in its findings concluded that the claimant had satisfactorily established that he was not a member of the union and that he had not participated in or financed the conduct of the strike. It found expressly, however, that he had failed to show "* * * that he was not in any way directly interested in the labor dispute which caused the stoppage of work." The board, in effect, held that because the union was his collective bargaining representative and in bargaining for benefits was representing him and that, having obtained benefits, he had, as the board said, "a stake in the labor dispute," he therefore had failed to establish that he was not directly interested in the dispute. On review the superior court sustained the findings of the board.

The board construed the statutory language "directly interested in the labor dispute" as encompassing situations in which the claimant obtained benefits as a result of the dispute. We find no error in this conclusion. Similar statutory language has been so construed in a number of authoritative cases. In *Martineau* v. *Director of the Division of Employment Security,* 329 Mass. 44, 49, 106 N.E.2d 420, 424, the court said: "Although the authorities are not uniform, the prevailing view is that a person is 'directly interested' in a dispute when his wages, hours, or conditions of work will be affected favorably or adversely by the outcome. It is of no consequence that the person is not a member of the union conducting the strike or that he may not be in sympathy with its purposes." *Burak* v. *American Smelting and Refining Co.,* 134 Colo. 255, 302 P.2d 182; *Nobes*

v. *Unemployment Compensation Commission*, 313 Mich. 472, 21 N.W.2d 820; *Local No. 658, Boot and Shoe Workers Union* v. *Brown Shoe Co.*, 403 Ill. 484, 87 N.E.2d 625.

It may be argued that this construction is inconsistent with the legislative mandate that these statutes be liberally construed so as to alleviate the economic and social distress that accompanies unemployment even when resulting from strikes and labor disputes. §28-42-73. However, we are persuaded from an examination of the language of our statute and similar statutes that in this area it was a clear legislative intent to restrict drastically the payment of benefits in these cases. The language leaves no doubt that the legislators intended not only to penalize those actually members of the involved union but to bar from payments those, not members of the union involved, who, by their conduct, furthered and supported the labor dispute and its accompanying unemployment. Finally, it intended to bar those employees not members of the involved union who nevertheless have a direct interest in the outcome of the dispute. Obviously, we cannot defeat so clear a legislative intent by purporting to apply the mandate for liberal construction.

In our opinion, the superior court did not err in sustaining the decision of the board of review.

The appeal of the petitioner is denied and dismissed, and the case is remanded to the superior court for further proceedings.

*Anthony E. Grilli*, for petitioner-appellant.

*Aaron S. Helford*, for respondent-appellee.