**Nathaniel DELGADO, Petitioner,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD and Haveg Industries, Inc.**

Superior Court of Delaware, New Castle.

Aug. 22, 1972.

Joseph M. Bernstein, Community Legal Aid Society, Inc., Wilmington, for petitioner.

Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, for Haveg Industries, Inc.

OPINION

TAYLOR, Judge.

This is an appeal from the decision of the Delaware Unemployment Insurance Appeal Board ("Board") which denied unemployment compensation to petitioner.

The findings of fact of the Referee, which were adopted by the Board, are that: Employee was employed as a chemical materials senior operator by Haveg Industries, Inc., from May, 1969 until January, 1972. In April of 1971, employee had been warned by his employer that in view of twelve days of absence since the previous July his attendance record must be improved to avoid further disciplinary action up to and including discharge. He was absent from work from January 5, 1972 to January 14, 1972. His sister, on January 5, 1972, reported his absence. Employee testified that his absence was because he was suffering from the flu. Upon his return to work, he was discharged.

The Referee and the Board denied unemployment compensation upon the statutory ground in 19 Del.Code § 3315(2) which disqualifies an employee who "has been discharged from his employment for just cause in connection with his work".

They ruled that unsubstantiated absenteeism tends to disrupt orderly operation of an employer's business and has an adverse effect on production and may cause an employer serious loss. Based upon the factual findings recited above, they held that petitioner was discharged for just cause in connection with his work and denied compensation.

■■ The decision of the Board must be supported by evidence having probative value. Lockwood v. Unemployment Compensation Commission, 6 Jerry 536, 76 A. 2d 311 (Super.1950). If there is substantial evidence and no mistake of law, the Board's decision will be affirmed. A. H. Angerstein, Inc. v. Jankowski, 187 A.2d 81 (Super.1962).

■ In view of the holding hereafter made, it is unnecessary to discuss the prior absence record of this employee.

Employee testified that his absence in January, 1972, was caused by illness. The Board found that employee's sister reported his absence on the first day of his absence. The testimony is confused as to whether there was a later report of absence and the Board did not find that there was a second report. However, the Board did not find that a further report during an absence of this duration was required.

There was no evidence that employee was not ill during his absence. Although the Board did not find that the absence was due to illness, it did not find that the absence was not caused by illness, nor did it indicate a disbelief of employee's testimony. Rather, it held that employee had failed to substantiate his absence with a doctor's certificate. From the fact that the Board referred to the effect of "unsubstantiated absenteeism" upon the employer, I conclude that the Board was not referring to evidentiary proof before the Board, but rather to documentary substantiation for the employer. Since the Board rested its denial of compensation solely on the failure of employee to provide his employer with substantiation of the cause of his absence (when considered in the light of his prior record of absences), I conclude that with the exception of this ground, the Board was convinced of the sufficiency of employee's claim.

The sole testimony on the cause of the absence was employee's testimony that he was ill. The employer did attempt to negative the evidence that the illness had been reported, but the Referee and the Board resolved this fact in claimant's favor and the finding is supported by substantial evidence. Upon the record the only supportable finding which the Board could have made was that the January absence was caused by illness. See 30 Am.Jur.2d 236–7, Evidence § 1084.

The Board has failed to differentiate between an unexplained absence and an unsubstantiated absence. An unexplained absence or an absence not explained by justifiable reason must, of course, be treated as contrary to the interests of the employer and would, when in sufficient number, subject the employee to discipline. From the

record, we must conclude that the Board did not find this to be an unexplained absence. The Board's reference to unsubstantiated absence referred to an absence for which the explanation given by the employee had not been substantiated by supporting evidence.

Substantiation of the type discussed by the Board differs from prompt notice of illness. Prompt notice of illness permits the employer to adjust his work schedule, to reassign an employee or to call in a substitute employee to fill the vacancy caused by the absence. It also permits the employer to make contemporaneous investigation of an employee's absence. Substantiation, as used by the Board, is an "after the fact" proof of the cause of an absence. It is the submission of proof in addition to the word of the employee. It rests upon a refusal by the employer to accept as a fact the employee's word as to the cause of absence. Presumably the purpose of a substantiated attendance record is to permit the employer to determine what disciplinary action, if any, is warranted.

We have found no proposition of law which compels the rejection of undisputed but unsubstantiated testimony.[1]

It cannot be said to be inherent in the relationship of employer and employee that the word of an employee is insufficient to establish the cause of absence, there being neither supporting nor contradicting evidence. That is not to say that a reasonable requirement of substantiation could not be made a part of the employee-employer relationship. However, such a requirement would have to be specifically made a part of that relationship.

The testimony of the employer's representative indicates that if petitioner had furnished a doctor's certificate when he returned to work after the January absence he would not have been terminated. How-

ever, the record does not show that this requirement had been formalized or that this petitioner had been informed of such a requirement prior to his absence. This appeal must be decided upon the record which the Appeal Board had before it. Ashmore v. Unemployment Compensation Commission, 7 Terry 565, 86 A.2d 751 (Super.1952).

The Board did not find that there was a contract requirement or rule known to claimant that he must give substantiating evidence of illness. Nothing in its record compels or supports such a finding.

Upon the record on appeal, the decision of the Board denying benefits is reversed and the case is remanded to the Board with directions to grant unemployment compensation benefits to the claimant.

It is so ordered.

---

1. Two witnesses are required in the execution of a will, but this is a statutory requirement. 12 Del.Code § 102. Corroboration is required in divorce proceed-

ings, Rickards v. Rickards, 3 Storey 134, 166 A.2d 425 (Supr.1960), but this is a safeguard applicable to divorce because of the nature of the proceeding.