**HASKON, INC., Petitioner,**

v.

**Irene B. COLEMAN and Unemployment Insurance Appeal Board of the State of Delaware, Respondents.**

**HASKON, INC., Petitioner,**

v.

**Mary W. GRACE and Unemployment Insurance Appeal Board of the State of Delaware, Respondents.**

**HASKON, INC., Petitioner,**

v.

**Jaroslava SKRYPEC and Unemployment Insurance Appeal Board of the State of Delaware, Respondents.**

Superior Court of Delaware,
New Castle.

Sept. 11, 1973.

Peter M. Sieglaff, of Potter, Anderson & Corroon, Wilmington, for petitioner.

Jay H. Conner, Wilmington, for Unemployment Insurance Appeal Bd.

Irene B. Coleman, pro se.

Mary W. Grace, pro se.

Jaroslava Skrypec, pro se.

QUILLEN, Chancellor:[1]

This is an appeal by Haskon, Inc., (employer or appellant) from a decision of the Unemployment Insurance Appeal Board of the State of Delaware (Appeal Board) awarding unemployment compensation benefits to Irene B. Coleman, Mary R. Grace and Jaroslava Skrypec (claimants).

Claimants are production or wage roll employees in the labor force at appellant's plant in Middletown, Delaware. Pursuant to certification by the National Labor Relations Board all wage roll employees, including claimants, are included in the collective bargaining unit represented by the Oil, Chemical and Atomic Workers Union (the Union). Claimants, although included in the collective bargaining union, are not dues paying members of the Union. They are, however, represented by the Union during contract negotiations and receive the same benefits as union members as the result of the negotiations.

On November 13, 1972, the Union called a strike against the plant which lasted until February 12, 1973. Claimants in various ways attempted to cross the picket lines until November 15, 1972, after which date they no longer attempted to report for work. Claimants then filed for unemployment compensation benefits claiming they were put out of work through no fault of their own due to a reasonable fear of bodily harm and/or property damage.

Claimants Coleman and Grace were denied benefits by the decision of a claim's deputy dated December 5, 1972. Claimant Skrypec was denied benefits by the decision of a claim's deputy dated January 9, 1973.

The denial of benefits was reversed by claim's referee decisions dated January 24 and March 6, 1973, which awarded benefits to each of the three claimants. The Appeal Board affirmed the award of benefits by decisions dated March 1 and April 6, 1973.

The employer filed three separate petitions in this Court for review of the decisions of the Appeal Board with respect to each of three claimants pursuant to the provisions of 19 Del.C., § 3323. Upon motion by the employer, the three petitions for review were consolidated by order of this Court because they involved common questions of law and fact.

Appellant contends that the decisions of the Appeal Board must be reversed because of errors of law made below and because the findings of the Board as to benefits accruing after November 15, 1972, are not supported by substantial evidence.

■ Before turning to appellant's first argument, I note that the basic purpose of the law as set forth in 19 Del.C., § 3301 is to remedy the ills caused by "involuntary unemployment" and that benefits are intended for all persons unemployed through no fault of their own. Bigger v. Unemployment Compensation Commission, 4 Terry 553, 53 A.2d 761, 766 (Sup.Ct.1947). In construing this statute our courts have interpreted it liberally in favor of the employee. Emrick v. Unemployment Compensation Commission, 3 Storey 561, 173 A.2d 743 (Del.Super.1961).

### A.

Appellant first contends that as a matter of law claimants are disqualified from receiving benefits because they have a direct interest in the outcome of the labor dispute between petitioner and the Union.

1. I am sitting in the Superior Court by special assignment as set forth in the order of the Chief Justice dated August 14, 1973. See Art. 4, § 13 of the Constitution, Del.C.Ann.

The cases cited by appellant for this proposition, however, all turned on the provisions of the statute of being construed. In Annese v. Board of Review, 105 R.I. 32, 249 A.2d 46 (1969) and Lanyon v. Administrator, Unemployment Compensation Act, 139 Conn. 20, 89 A.2d 558 (1952), the statute can be fairly summarized as automatically disqualifying any claimant who had a direct interest in the outcome of the labor dispute. In Lepper v. Unemployment Compensation Board of Review, 188 Pa.Super. 158, 146 A.2d 337 (1958), in addition to direct interest, the statute expressly disqualified any member of the class of workers which was involved in the dispute. 43 P. S., § 802(d).

Since I find no similar statutory language in 19 Del.C., § 3315 I cannot regard these cases as persuasive unless our case law has adopted such disqualifications. Under our statute, disqualification depends on whether the "unemployment is due to a stoppage of work which exists because of a labor dispute".

In Emrick v. Unemployment Compensation Commission, *supra,* a case admittedly distinguishable from the present one both on its facts and because claimants here have a direct interest in the outcome of the dispute, the Court held that a worker is entitled to compensation where his unemployment was only indirectly caused by the dispute. The Court focused not on direct interest in the dispute but instead looked to the direct cause of the unemployment.

■ It is true that the Court noted the absence of both direct interest and direct participation in the strike, but the theory of the decision is that any worker unemployed through no fault of his own is entitled to benefits. But *Emrick* cannot be said to establish that as a matter of law an employee is not eligible for benefits whenever he has a direct interest in the outcome of the dispute. The test is whether or not the unemployment was directly caused by a labor dispute and to determine this the Court may look to factors such as direct interest or direct participation.

■ In the present case, the Appeal Board found that claimants did not participate in the strike and that the direct cause of their unemployment was a reasonable fear of bodily harm and/or property damage, and not the labor dispute. Neither the statute nor the *Emrick* case indicates that a reversal of that decision is necessarily required simply because the employees had a direct interest in the outcome.

### B.

■ Appellant's next contention is that the findings of the Appeal Board as to benefits accruing after November 15, 1972 is not supported by substantial evidence.[2] Appellant points to the absence of any evidence as to the continued existence of claimants' apprehension after November 15. Appellant feels that this absence is particularly relevant in light of an injunction issued by the Court of Chancery limiting the picketing at the plant. Citing

2. In the *Coleman* and *Grace* cases which were consolidated below from the referee level, there is no transcript of the referee's hearing due to a malfunction of recording equipment. This has not been raised as error presumably because there is no genuine dispute as to the basic facts which were made part of the record. I assume this to be the case. Review of the facts in this three case consolidated appeal is also confused because the *Skrypec* case, which was presented to the Unemployment Insurance Appeal Board after the consolidated *Coleman* and *Grace* cases, contains a fuller record on behalf of the employer. It should be noted that each case has to be judged on its own record and the employer cannot retroactively add to a record by additional evidence in a later case. Moreover, if the Board is making evidence of a prior hearing part of a subsequent record, it should do so specifically and precisely and in a form suitable for a written appellate record. Otherwise, a new record of the evidence should be made even if it is repetitious for the Board. Finally, it should be noted that employees cannot add factual information to the record on appeal and their attempt to do so here by letter and personal appearance at oral argument must be disregarded. 19 Del.C., § 3323(a).

Marczi v. Board of Review, 63 N.J.Super. 75, 163 A.2d 723 (1960), appellant argues that once an injunction has been issued a claimant has a renewed burden of proving the continued reasonableness of his apprehension and that the absence of evidence on this point requires a reversal. However, in my view, *Marczi* does not set down a hard and fast rule to this effect. In that case the administrative body in denying a claim found that following an injunction the situation had changed to such an extent that, on the facts before it, it could not conclude that the claimants' apprehension was still reasonable. The reviewing court, applying a standard similar to that which I must apply, found that the ruling below was supported by evidence sufficient to withstand a reversal. *Marczi,* therefore, does not require as a matter of law a renewed showing as to claimants' fear once an injunction has been issued. Rather, it holds that an administrative body *may find* as a matter of fact that following an injunction the reasons which excused the claimants' absence may disappear, thus necessitating the termination of benefits. In the present case, the Appeal Board found that claimants were initially justified in not reporting for work. By awarding benefits for the entire period of the strike, the Appeal Board found that the reasonableness of claimants' apprehension continued. Necessarily, the Appeal Board rejected the employer's argument in the Skrypec case, made first at the Board level, that claimant Skrypec's apprehension was no longer reasonable after November 15. This is the only case where appellant expressly raised this argument below. The sufficiency of the evidence in the other two cases must be judged by the full record made there and in light of the limited evidence of record tending toward a denial of the claims.

In discharging its appellate function, this Court is bound by factual findings made below if they are supported by substantial evidence. 19 Del.C., § 3323(a); Lockwood v. Unemployment Compensation Commission, 6 Terry 536, 76 A.2d 311 (Super.Ct.1950). The finding of the Appeal Board as to claimants' fear is a finding of fact. An examination of the record discloses that, after claimant Grace had worked two days, claimants Coleman and Grace needed police escort in order to leave the plant and that claimant Skrypec had difficulty in crossing the picket line, was subjected to verbal abuse, and feared retaliation against her daughter. An employer representative who testified in the *Skrypec* case admitted that some harassment of employees did occur, and an affidavit by a union official in the Skrypec case record reports instances where nails and staples were strewn about the employer's parking lot. The evidence of record is sufficient in each case to support a finding that claimants' fear could reasonably have continued throughout the duration of the strike.

The three decisions of the Appeal Board are affirmed.

It is so ordered.