# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LARRY J. MURRAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N15A-08-005-PRW |
| | ) | |
| FRANKLIN FIBRE and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| Appellee. | ) | |

Submitted: July 18, 2016
Decided: August 30, 2016

## <u>ORDER</u>

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

This 30th day of August, 2016, upon the parties' briefs and submissions and the record below, it appears to the Court that:

(1)    This is an appeal from the Unemployment Insurance Appeal Board's ("UIAB") determination that Larry J. Murray was discharged by his employer, Franklin Fibre, with just cause and is therefore not entitled to receive unemployment benefits.

(2)    The Court's review of the UIAB's decision in this case is governed by statute:  "The findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and

the jurisdiction of the Court shall be confined to questions of law."[1] If, as here, no error of law is alleged, the Court is limited to determining whether there was substantial evidence to support the UIAB's findings.[2] And if there is no mistake of law and there is substantial evidence to support the decision, the UIAB's decision will be affirmed.[3] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] The Court does not "'weigh evidence, determine credibility, or make its own factual findings,' it merely determines if the evidence is legally sufficient to support the agency's factual findings."[5]

---

[1]     DEL. CODE ANN. tit 19, § 3323(a) (2015). Section 3320 of Title 19 grants the UIAB wide discretion over the unemployment insurance benefits appeal process. *Id.* at § 3320(a). The scope of review for a court considering an UIAB action in the administration of that appeal process is whether the UIAB abused its discretion. *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991). Reversal based on an abuse of discretion occurs only if, during the appeal process, "the Board 'acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'" *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *2 (Del. Super. Ct. Apr. 30, 2009) (citations omitted). Mr. Murray makes no such abuse-of-discretion claim here.

[2]     *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[3]     *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A.2d 690, 693 (Del. Super. Ct. 1971), *aff'd*, 293 A.2d 295 (Del. 1972); *Boughton v. Div. of Unemployment Ins. of Dep't of Labor*, 300 A.2d 25, 26-27 (Del. Super. Ct. 1972).

[4]     *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

[5]     *Kearney v. New Roads*, 2003 WL 1563722, at *1 (Del. Super. Ct. Mar. 25, 2003) (quoting *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

(3)    Mr. Murray was employed by Franklin Fibre from February 5, 2014, to March 16, 2015.[6] Throughout early 2015, Franklin Fibre's repeatedly provided its attendance policy to Mr. Murray.[7] And, on February 13, 2015, Franklin Fibre gave Mr. Murray a written and verbal warning for his tardiness and absenteeism.[8] On March 10, 2015, Mr. Murray stopped into Franklin Fibre to drop off a medical note suggesting that he should be excused from work until and including March 15, 2015.[9] Franklin Fibre attempted to contact Mr. Murray during this absence, but was unsuccessful.[10] Mr. Murray neither contacted his employer nor returned to work until March 18, 2015.[11] At that point, Mr. Murray's position had already been terminated due to his absenteeism and failure to contact his employer.[12]

(4)    Mr. Murray filed for unemployment benefits with Delaware's Department of Labor. A Claims Deputy with the Division of Unemployment

---

[6]    *Murray v. Franklin Fibre*, DOL Div. of Unemployment Ins. Appeals Referee Hr'g, No. 10988352, Tr. at 6 (June 18, 2015).

[7]    Dep't of Labor Findings of Fact ("Dep't Findings") (May 18, 2015), claim 10988352 at 5-9, 13, and 15-17.

[8]    *Id.* at 15.

[9]    *Id.* at 9-10; *Murray v. Franklin Fibre*, DOL Div. of Unemployment Ins. Appeals Referee Hr'g, No. 10988352, Tr. at 6-8 (June 18, 2015) (testimony from Ms. Michele Strayer, Franklin Fibre's representative).

[10]    Dep't Findings at 9.

[11]    *Id.* at 8-9.

[12]    *Id.* at 9; *Murray v. Franklin Fibre*, DOL Div. of Unemployment Ins. Appeals Referee Hr'g, No. 10988352, Tr. at 6-8 (June 18, 2015).

Insurance determined that Mr. Murray was disqualified from receiving unemployment benefits because of his absenteeism.[13]

(5)    Mr. Murray appealed that decision.[14]    A UIAB Appeals Referee conducted a hearing regarding Mr. Murray's disqualification and issued a decision affirming the Claims Deputy's finding.[15]

(6)    Mr. Murray timely appealed the Appeals Referee's decision to the UIAB, arguing that he had been "under doctor care" when terminated.[16]    After a hearing, the UIAB affirmed the Referee's decision, finding that Mr. Murray "was discharged by [his] employer with just cause."[17]

(7)    Mr. Murray then filed an appeal with this Court.  His opening brief consists of a letter in which he reargues that his request for unemployment benefits should not have been denied because he was under a doctor's care and could not

---

[13]    Div. of Unemployment Ins. Notice of Determination (May 21, 2015), claim 10988352.

[14]    Div. of Unemployment Ins. Appeal Request Notification (May 27, 2015), claim 10988352.

[15]    Div. of Unemployment Ins. Appeals – Referee Decision at 3 (June 18, 2015) ("The decision of the Claims Deputy is **AFFIRMED**. Employer has established by preponderance of the evidence that Claimant was discharged from his employment with just cause in connection with the scope of his employment.  Accordingly, the Claimant is **DISQUALIFIED** from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, of the Delaware Code.") (emphases in original).

[16]    Div. of Unemployment Ins. Appeal Request Notification (June 23, 2015), claim 10988352.

[17]    Unemployment Ins. Appeal Bd. – Board Decision at 2 (July 22, 2015).

work.[18] The UIAB advised the Court that it would not file an answering brief because "[t]his underlying case was decided on the merits, and the Appellant raises only challenges to the Board's decision on the merits."[19] Franklin Fibre filed its answering brief urging the Court to affirm the Board's decision.[20]

(8)  This Court's role in reviewing UIAB decisions on the merits is limited to determining whether the UIAB's conclusions are supported by substantial evidence and free from legal error.[21] The Court finds that substantial evidence supported the UIAB's decision.

(9)  For a disqualification of unemployment compensation benefits to issue, an employer must establish "just cause."[22] "Just cause" exists where an employee commits "a willful or wanton act in violation of either the employer's interests, or of the employee's duties, or of the employer's expected standard of conduct."[23] Excessive, unexcused absences or tardiness can constitute just cause

---

[18]  App. Opening Br. at 1.

[19]  Ltr. from Paige J. Schmittinger, Deputy Att'y Gen., to the Court (Jan. 15, 2016).

[20]  Employer's Ans. Br. (D.I. 12).

[21]  *Nardi v. Lewis*, 2000 WL 303147, at *2 (Del. Super. Ct. Jan. 26, 2000).

[22]  *See* DEL. CODE ANN. tit. 19, § 3314(2) (2015).

[23]  *Mathis v. Delaware Document Imaging*, 2004 WL 1551512, at *2 (Del. Super. Ct. June 25, 2004); *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. Ct. 1972); *Abex Corp. v. Todd*, 235 A.2d 271, 272 (Del. Super. Ct. 1967).

for discharge.[24]

(10) The record evidence demonstrates that Franklin Fibre informed Mr. Murray several times that he was expected to be at work as scheduled and on time. Despite these warnings, Mr. Murray was absent from work and failed to contact Franklin Fibre for at least two days with no valid excuse. So the Court agrees that Franklin Fibre met its burden of proving that Mr. Murray was discharged for just cause in connection with his work. Accordingly, the Court finds that substantial evidence supports the UIAB's denial of benefits and that the Board's decision was free from legal error.[25] Mr. Murray cites no case law nor points to anything in the record favoring reversal.

---

[24] *Sierra v. Reliable Corp.*, 1997 WL 528276, at *1 (Del. Super. Ct. July 29, 1997).

[25] *See, e.g., Mathis*, 2004 WL 1551512, at *2 (upholding UIAB's determination that employee's excessive tardiness and poor attendance record warranted just cause discharge); *Rhoades v. Integrity Staffing Sols., Inc.*, 2001 WL 1486166, at *2 (Del. Super. Ct. Oct. 31, 2001) (upholding determination of just cause discharge where the employee appeared late after being warned about absenteeism and tardiness); *Delgado v. Unemployment Ins. Appeal Bd.*, 295 A.2d 585, 586 (Del. Super. Ct. 1972) ("An unexplained absence or an absence not explained by justifiable reason must, of course, be treated as contrary to the interests of the employer and would, when in sufficient number, subject the employee to discipline.").

**NOW THEREFORE, IT IS ORDERED** that the Unemployment Insurance Appeal Board's judgment denying Mr. Murray's claim for unemployment benefits is **AFFIRMED.**

**SO ORDERED this 30th day of August, 2016.**

**Paul R. Wallace, Judge**

cc:    Larry J. Murray, *pro se*
       William R. Peltz, Esquire
       Paige J. Schmittinger, Deputy Attorney General