# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ASHLEY TORRES, | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N21A-10-003 PRW |
| | ) | |
| MOT CHARTER SCHOOL and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| Appellees. | ) | |

Submitted: March 21, 2022
Decided: May 19, 2022

*Upon Appeal from the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

## ORDER

This 19th day of May 2022, upon the parties' briefs and submissions and the record below, it appears to the Court that:

(1)     Ashley Torres appeals the denial of her claim for unemployment benefits by the Unemployment Insurance Appeal Board ("UIAB"). Citing wrongful termination as the basis of her challenge, she contends MOT Charter School ("MOT") did not have just cause to terminate her for failing to enlist in a required certification course given the widespread COVID-related disruptions that began in the Spring of 2020.[1]

---

[1]    Not. of Appeal, *Torres v. Unemployment Ins. Appeal Bd.*, N21A-10-003 PRW, Oct. 13, 2021 (D.I. 1).

(2) The Court's review of the UIAB's decision here is governed by statute: "The findings of the Unemployment Insurance Appeal Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."[2] If no error of law is alleged, the Court is limited to determining whether there was substantial evidence to support the UIAB's findings.[3] And if there is no mistake of law and there is substantial evidence to support the decision, the UIAB's decision will be affirmed.[4] "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] The Court does not "'weigh evidence, determine credibility, or make its own factual findings,' it merely determines if the

---

[2] DEL. CODE ANN. tit. 19, § 3323(a) (2021). Section 3320 of Title 19 grants the UIAB wide discretion over the unemployment insurance benefits appeal process. *Id.* at § 3320(a). The scope of review for a court considering a UIAB action in the administration of that appeal process is whether the UIAB abused its discretion. *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991). Reversal based on an abuse of discretion occurs only if, during the appeal process, "the Board 'acts arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'" *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at *2 (Del. Super. Ct. Apr. 30, 2009) (citations omitted). Ms. Torres makes no such abuse-of-discretion claim here.

[3] *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975).

[4] *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A.2d 690, 693 (Del. Super. Ct. 1971), *aff'd*, 293 A.2d 295 (Del. 1972); *Boughton v. Div. of Unemployment Ins. of Dep't of Labor*, 300 A.2d 25, 26-27 (Del. Super. Ct. 1972).

[5] *Histed v. E.I. duPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981)).

evidence is legally sufficient to support the agency's factual findings."[6]

(3)     Ms. Torres was hired by MOT as a full-time high school Italian teacher for the 2019-2020 school year.[7]   Because she was hired on short notice—via an emergency teaching certificate—she was required to maintain satisfactory progress in required certification courses and pass a performance assessment test through the Alternative Routes to Certification ("ARTC") program.[8]   Despite numerous reminders, both in-person and in writing, Ms. Torres never enrolled in the required "EDUC614 Teaching the Exceptional Adolescent" course.[9]   On or about June 16, 2020, Ms. Torres was terminated from her position for failing to complete the ARTC requirements.[10]

---

[6]     *Kearney v. New Roads*, 2003 WL 1563722, at *1 (Del. Super. Ct. Mar. 25, 2003) (quoting *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[7]     Record and Transcript at 49, *Torres v. Unemployment Ins. Appeal Bd.*, N21A-10-003 PRW, Nov. 9, 2021 (hereinafter "R") (D.I. 9).

[8]     R49; R55.

[9]     R49; *see also* R55 (Status Update Letter from UD, Sept. 4, 2019); R77 (Meeting Follow-up Email from MOT to Ms. Torres, Jan. 10, 2020); R79-R80 (Outstanding Professional Disposition Letter from UD to Ms. Torres, Feb. 28, 2020); R71 (Unemployment Investigation E-mail between DOL and MOT, Jan. 4, 2021).

[10]     R168.   The precise end date of Ms. Torres's employment is unclear. The DOL's benefits ineligibility determination indicates "Claimant did not provide a specific date for her last day of employment and neither could the Employer . . . . The UC119 paperwork indicates that the last day of employment was 6/16/2020." *Id.*   In her written submissions, Ms. Torres avers she was terminated while on FMLA leave that began on May 15, 2020.  *See* Opening Br. at 6-7 (D.I. 11) (noting she went on FMLA on or around May 15, 2020); *see also* R90 (trying to recall her last day, Ms. Torres testified she went on FMLA leave before May 15, 2020).

(4) In October 2020, Ms. Torres filed a claim with the Delaware Department of Labor ("DOL") for unemployment insurance benefits.[11] A DOL Claims Deputy determined that Ms. Torres was ineligible to receive benefits and her failure to complete the certification program was just cause for termination under 19 *Del. C.* § 3314(2).[12]

(5) Ms. Torres timely appealed the Claims Deputy's decision.[13] She did not and never has disputed her failure to enlist and complete the ARTC program. She instead insists she could defer doing so because of: (i) her hesitation to spend money on the course based on schoolwide rumors that Italian was being removed from MOT's curriculum; (ii) a high-risk pregnancy further complicated by a mid-school-year auto accident; and (iii) the Delaware Department of Education COVID-related deadline extensions for ARTC program participants.[14]

(6) A hearing addressing the merits of Ms. Torres's appeal was conducted

---

[11] R168.

[12] *Id.*; *see also* DEL. CODE ANN. tit. 19, § 3314(2) (2021) ("An individual shall be disqualified for benefits: . . . For the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work . . . .").

[13] R164.

[14] R168; *see also* R99-R100; R49; R5-R8. To accommodate those affected by COVID-19, the University of Delaware offered hybrid courses, including the course Ms. Torres needed to complete by the school year's end. R79-R80. She was notified of the course—offering classes in March, April, and May of 2020—that would allow her to timely complete the ARTC requirements, but she never enrolled. *Id.*

by a DOL Appeals Referee.[15] Ms. Torres (then represented by counsel) and a representative from MOT attended the hearing and provided testimony about Ms. Torres's employment and termination.[16] The Appeals Referee issued a written decision affirming the Claims Deputy's finding that same day as the hearing.[17]

(7) Ms. Torres timely appealed the Appeals Referee's decision to the UIAB[18] which also conducted a hearing.[19] The UIAB affirmed the Appeals Referee's decision.[20] In its own written decision, the UIAB agreed that MOT had just cause to terminate Ms. Torres for failing to enroll in the ARTC course—particularly given the undisputed fact that she was warned that certification course completion was vital to maintaining her employment.[21] Thus, it rejected Ms. Torres's arguments that MOT could or should have retained her by obtaining

---

[15] *See* R162; R81-R161.

[16] R82.

[17] R48-R51 ("The decision of the Claims Deputy **AFFIRMED**. Employer has established by preponderance of evidence that Claimant was discharged from her employment with just cause in connection with the scope of her employment. Accordingly, the Claimant is **DISQUALIFIED** from receiving unemployment insurance benefits pursuant to Section 3314(2), Title 19, of the Delaware Code.") (emphasis in original).

[18] *See* R46-R47 ("I'm requesting a[n] appeal for the decision mailed on 6/15/21.").

[19] R42; R14-R41.

[20] R5-R11.

[21] R8 ("Employer's communication to Claimant was clear that if she did not enroll for the course, she would unquestionably not have a job.").

another emergency certification or requesting additional extensions.[22]

(8) Ms. Torres timely filed her *pro se* appeal to this Court. She now argues that she didn't fail to comply with the ARTC program requirements; but rather, MOT's termination caused the program to drop her because a prerequisite to ARTC is maintaining employment.[23] It is her view that the onus was on MOT to apply for its employees' emergency certification extensions and renewals.[24] At bottom, Ms. Torres faults MOT for her failure to meet her certification requirement and complains that MOT: ignored COVID-19 modifications to the ARTC program that it could have engaged to her benefit; discriminatorily applied the certification requirements to her; and arbitrarily "chose not to allow [her] to partake in the provisions . . . for emergency certification."[25]

(9) MOT argues the UIAB's decision affirming the Appeals Referee's finding that Ms. Torres was terminated with just cause is supported by substantial evidence in the record, is free from legal error, and should be affirmed.[26] It argues

---

[22] *Id.*

[23] Opening Br. at 4, *Torres v. Unemployment Ins. Appeal Bd.*, N21A-10-003 PRW, Dec. 2, 2021 (D.I. 11).

[24] *Id.* at 5 ("[W]hen there are changes in the program, . . . [MOT was] to also apply for my situation, not exclude me.").

[25] *Id.* at 4-5.

[26] MOT's Answering Br. at 5 (citing *Bradfield v. Unemployment Ins. Appeal Bd.*, 2012 WL 5462844, at *1 (Del. Super. Ct. Mar. 13, 2012)), *Torres v. Unemployment Ins. Appeal Bd.*, N21A-10-003 PRW, Feb. 24, 2022 (D.I. 22).

the facts of record here comport with those in this Court's line of decisions upholding UIAB judgments where an employee fails to secure or maintain a professional license.[27] Given the uncontested facts that Ms. Torres chose not to register for the outstanding course—despite the warnings that her continued employment depended on it—MOT says her termination was supported by just cause.[28]

(10) The UIAB advised the Court that it wouldn't file an answering brief because Ms. Torres challenges the merits of its decision, and under Delaware law, the UIAB "does not have an interest in seeking to have its decision upheld on appeal."[29] It does, however, note that Ms. Torres's opening brief appends three exhibits that are not part of its certified record provided to the Court.[30] As such, it asks the Court to limit its review to only those materials contained in the certified

---

[27] *Id.* at 7 (citing *Kelly v. Precious Moments Educ. & Commc'n Ctr.*, 2011 WL 6400634, at *2 (Del. Super. Ct. Nov. 30, 2011) (affirming UIAB finding of just cause where employee failed to complete course required for teaching certificate after notice by employer); *Giandonato v. Inn at Montchanin*, 2012 WL 1413156, at *3 (Del. Super. Ct. Jan. 25, 2012) (finding the Court's just cause analysis should consider employee's efforts made in obtaining license and whether employer informed employee of consequences associated therewith); *Croom v. Smalls Stepping Stone*, 2013 WL 6113235, at *2 (Del. Super. Ct. Nov. 19, 2013) (upholding UIAB's decision that employer had just cause to terminate employee for failing to complete GED program upon notice from employer to do so)).

[28] *Id.* at 8-9.

[29] UIAB Answering Br. at 1 (citing *Wilmington Trust Co. v. Barron*, 470 A.2d 257, 261 (Del. 1983)), *Torres v. Unemployment Ins. Appeal Bd.*, N21A-10-003 PRW, Feb. 22, 2022 (D.I. 21).

[30] *Id.* at 1-2.

record.[31]  MOT joins in this request.[32]

(11)  "Upon appeal from a denial of unemployment benefits, the Superior Court is limited to consideration of the record which was before the administrative agency."[33]  In other words, unemployment insurance claimants cannot supplement the factual record on appeal to this Court and any attempt to do so is disallowed.[34] As Exhibits A, C, and D appended to and cited in Ms. Torres's opening brief are not part of the Board's certified record, the Court will not consider them now.  Similarly, to the extent any exhibits appended to Ms. Torres's reply brief are not included in the certified record, they, too, will be excluded from review.

(12)  The Court's role in reviewing Ms. Torres's merit-based challenge to the UIAB decision here is limited to determining whether the UIAB's conclusions are supported by substantial evidence and free from legal error.[35]  "Where this standard is satisfied, the [UIAB]'s resolution of evidential and credibility conflicts is

---

[31]  *Id.* at 2 (citing *Hubbard v. Unemployment Ins. Appeal Bd.*, 763 (Del. 1976); *Hurtt v. Unemployment Ins. Appeal Bd.*, 2019 WL 1558585, at *1 n.27 (Del. Super. Ct. Apr. 10, 2019); DEL. CODE ANN. tit. 19, § 3323(a)).

[32]  *See* D.I. 23.

[33]  *Hubbard*, 352 A.2d at 763 (citing *Ashmore v. Unemployment Comp. Comm'n*, 86 A.2d 751 (Del. Super. Ct. 1952); *Delgado v. Unemployment Ins. Appeal Bd.*, 295 A.2d 585 (Del. Super. Ct. 1972); DEL. CODE ANN. tit. 19, § 3323).

[34]  *Haskon, Inc. v. Coleman*, 310 A.2d 657, 660-61 (Del. Super. Ct. 1973); *see also* DEL. CODE ANN. tit. 19, § 3323(a) (2021).

[35]  *Nardi v. Lewis,* 2000 WL 303147, at *2 (Del. Super. Ct. Jan. 26, 2000).

conclusive" and the UIAB's decision will be affirmed.[36]  Just so here.

(13)   When Ms. Torres was hired, she was approved for her third "emergency teaching certificate" by the Delaware Department of Education.[37]  As a condition of her continued and ongoing employment, Ms. Torres was required—not by MOT but by Delaware law—to complete the outstanding ARTC certification course and achieve a passing score on a performance exam to retain her teaching status in Delaware.[38]  The ARTC program is codified in Delaware law.[39]  Under 14 *Del. C.* § 1262(b), a participant in the program must "maintain satisfactory progress toward the completion of all ARTC program requirements" and "[b]e continuously employed with a district or charter school."[40]  Within the first two years of teaching, a program participant must attain "successful completion of all ARTC program requirements" and "[p]assing scores on approved content readiness exams under the

---

[36]  *Longobardi*, 287 A.2d at 692 (citing *Abex Corp. v. Todd*, 235 A.2d 271 (Del. Super. Ct. 1967)).

[37]  R55. Emergency teaching certificates are governed by 14 *Del. C.* §§ 1220-1224. "Emergency Certificates that have been issued for two consecutive school years may not be extended . . . . [T]he Department may grant an extension upon a showing of exigent circumstances. Extensions for exigent circumstances shall not exceed one (1) year in length."  14 DEL. ADMIN. CODE § 1506(7.0) (2021).

[38]  *Id.*; R79-R80.

[39]  *See* DEL. CODE ANN. tit. 14, §§ 1260-1266 (2021) (Alternative Routes for Teacher Licensure and Certification).

[40]  *Id.* § 1262(b).

certification requirements."[41]  And finally, under § 1262(d):

> The Department [of Education] *may* grant additional time to complete the requirements of subsection (b) of this section, in consultation with the ARTC program, to an ARTC program participant based on exigent circumstances to complete any remaining formal instruction or equivalent professional development. *The total extension of time may not exceed 1 year and a participant may be granted only 1 extension.*[42]

(14)  It is well-settled that an employee's failure "to be properly licensed to perform work within the course and scope of employment constitutes just cause for termination."[43]

(15)  The record establishes that Ms. Torres failed to maintain satisfactory progress in the ARTC program under § 1262(b) when she declined to enroll in the hybrid certification course.  She did not complete the performance exam required by § 1262(c).  Her employment with MOT required approval of her *third* and final emergency teaching certificate—well beyond the one-year/one-time-only extension permitted by § 1262(d).[44]  The statute speaks to the *participant's* affirmative duties

---

[41]  *Id.* § 1262(c).

[42]  *Id.* § 1262(d) (emphasis added).

[43]  *Kelly*, 2011 WL 6400634, at *2 (citing *Bishop v. Trexler,* 2005 WL 272936, at *2 (Del. Super. Ct. Jan. 28, 2005)).

[44]  R55; R80.  An MOT representative testified that hiring Ms. Torres required her third extension to the ARTC program "which was the last extension [MOT] was permitted to get with ARTC. [Ms. Torres] had already used the other possible years in ARTC with her prior employer the previous year."  R134.

to remain compliant with the ARTC program. Thus, the UIAB was right to reject Ms. Torres's contention that it was somehow incumbent upon MOT to request yet another certification extension on her behalf.

(15) Under these circumstances, the UIAB determined that Ms. Torres understood completion of the ARTC course was essential to her continued employment, but she nonetheless opted from pursuing the outstanding tasks for her own reasons. In turn, the substantial evidence supports the UIAB's decision that Ms. Torres's failure to adhere to Delaware licensing requirements was just cause for employment termination and denied benefits. Ms. Torres cites no case law nor points to anything in the record favoring another view. And so, the UIAB's decision is free from legal error and must be affirmed.[45]

**NOW THEREFORE**, **IT IS ORDERED** that the Unemployment Insurance Appeal Board's judgment denying Ms. Torres's claim for unemployment benefits is **AFFIRMED.**

**Paul R. Wallace, Judge**

cc: Ashley Torres, *pro se*
James D. Taylor, Jr., Esquire
Victoria E. Groff, Assistant Attorney General

---

[45] *City of Newark v. Unemployment Ins. Appeal Bd.*, 802 A.2d 318, 323 (Del. Super. Ct. 2002) ("If there is substantial evidence and no mistake of law, the Board's decision must be affirmed.") (citing *Avon Products, Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).