Glass Industry Machine Workers Unemployment Compensation Cases (10 cases).

386

Argued December 5, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

Robert F. O'Brien, with him Howard S. Simonoff, for appellants.

Sydney Reuben, Assistant Attorney General, for appellee, Unemployment Compensation Board of Review.

John G. Wayman, with him Reed, Smith, Shaw & McClay, for intervening glass companies.

OPINION BY JUDGE WILKINSON, January 2, 1973:

The above ten cases were consolidated both for briefing and for argument. While each varies somewhat from the others in its facts, the point on which we decide them all is common to all, making it unnecessary to pass upon the additional reasons that exist in some of the individual cases to sustain the Board. On the decision of these ten cases turns the disposition of the claims of some 410 claimants similarly situated. All claims were rejected by the Referee and the Board. We must affirm.

The Referee and the Board of Review, based on competent evidence, found that the claimants were not justified in refusing to cross the picket line established by other striking employees and could not, therefore, come within the exemption from disqualification provided by Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, 2nd Sess., P. L. 2897 (1937), as amended, 43 P.S. §802(d).

Disregarding those facts in some individual cases which present additional reasons in those particular

cases for disqualification of the claimant therein involved, such as actual participation in the picket line or membership in the striking union, the facts common to all, briefly stated, are that claimants were employed as machine operators in glass industries in the Washington, Pennsylvania, area. Production workers in the same plants were on strike from January 31, 1968, through March 22, 1968. Claimants refused to cross the picket line, justifying it on the basis that if they had crossed the line, there would have been violence. The only rationalization of this position that was offered in evidence was that in the past, in other strikes, when attempts were made to cross picket lines, violence occurred. The Referee and the Board did not accept this position. The only case cited by appellants to support their position on this point is *McGann Unemployment Compensation Case*, 163 Pa. Superior Ct. 379, 62 A. 2d 87 (1948). Far from supporting that position, that case is authority for just the opposite. There the decision of the Referee and the Board was affirmed when they had held that refusal to cross a picket line is unjustified in the absence of actual violence or threats of violence. Indeed, a reading of that opinion and this record would indicate that there was some violence off and away from the picket line in the *McGann* case, whereas there was none in the instant case. The Board found in every case and on compelling evidence that the picketing was peaceful, did not involve violence, and that there was no basis for genuine apprehension of violence.

Appellants attempt to argue that since the company directed the machines to be stopped and sent the claimants home on the day the strike occurred, this constituted the employer's refusal to make work available. Not only did the Referee and the Board find otherwise,

indeed the appellants stipulated to the contrary. For example, in Wheeler, the Board found:

"Finding of Fact 11. Continuous work would have been available to the claimant had it not been for the work stoppage.

"Stipulation No. 3. Local Union No. 66 and 206 GBBA engaged in a work stoppage which existed because of a labor dispute other than a lockout at the establishment where the claimants worked." All claimants were members of the Glass Bottle Blowers Association (GBBA).

Appellants rely on *Jernstrom Unemployment Compensation Case*, 202 Pa. Superior Ct. 209, 195 A. 2d 922 (1963), and *Alloway Unemployment Compensation Case*, 208 Pa. Superior Ct. 451, 222 A. 2d 449 (1966). In both of these cases, the cause of the claimants' unemployment was found to be other than the labor dispute.

The appellants have the difficult burden of proving that there was no competent evidence on which the Referee or the Board could have made the findings that were made. Not only have they failed to meet that burden, but it is doubtful that there is sufficient evidence in this record on which a contrary finding could have been made.

Finally, the appellants assert that to disqualify claimants from benefits might cause Pennsylvania to be rejected by the Secretary of Labor for not meeting the mandate of Section 3304 of the Internal Revenue Code, 26 U.S.C. 3304(d) ; the Board's decision contravenes the public policy of Pennsylvania and of the Federal government; and the Board's decision is unconstitutional under both the Federal and the State Constitutions. No authority is cited for these propositions and we have found none. The books are full of authority to the contrary, including all those cases decid-

ed by the courts of Pennsylvania denying unemployment compensation to all employees who refuse to cross a picket line without justification. The principal case relied upon by appellants, *McGann Unemployment Compensation Case, supra,* would be sufficient authority in itself and collects many of the cases that were decided up to that time. A more recent case is *Lepper Unemployment Compensation Case,* 188 Pa. Superior Ct. 158, 146 A. 2d 337 (1958).

The decision in each of the above appeals is affirmed.