Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Fox Grocery Company, Appellant.

Argued February 5, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three. Reargued June 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.

*William S. Smith,* with him *Ralph H. German,* and *Cooper, Speer, German & Kelly,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, July 14, 1976:

The matter before us presents a case of first impression on a very narrow but important question. Section 402 (d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802, is quite clear in providing that when a work stoppage is the result of a labor dispute, a claimant who is a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage is ineligible for unemployment compensation benefits. What is unclear and is presented for resolution is the definition of ''organization.'' More specifically, is a member of a local union, one bargaining unit of which is on strike, ineligible even though he is a member of a different bargaining unit which is not on strike? Stated another way, is the "organization" here involved the local or a bargaining unit of the local?

Claimants were employees of appellant, being drivers of grocery trucks. They belonged to Local 872, Teamsters, Chauffeurs, Warehousemen, and Helpers (Local 872). The bargaining unit of truckers had reached an agreement for a new contract. The bargaining unit of Warehousemen had not and Local 872 called a strike at 12:01 A.M., June 11, 1974, with members of Local 872 establishing a picket line. As the claimants brought their trucks in on June 10 or June 11, 1974, depending on when each driver's trip was finished, each was informed that there was no further work available until the labor dispute was settled.[1]

Eighty-five claimants signed up for benefits. The Bureau of Employment Security determined the representative claimant here involved and all similarly situated were ineligible under Section 402(d), 43 P.S. §802(d). This determination was affirmed by the referee, but on further appeal, was reversed by the Unemployment Compensation Board of Review (Board). The basis for the Board's reversal was that the claimant's "organization" was the bargaining unit which had a separate contract and would not benefit as a result of this labor dispute. We disagree and must reverse.

Section 402(d), 43 P.S. §802(d), provides:

"An employe shall be ineligible for compensation for any week—

. . . .

"(d) In which his unemployment is due to a stoppage of work, which exists because of a labor

---

[1] There is evidence both ways as to whether the claimants refused to cross the picket line, but such issue is not controlling here. However, it is not inappropriate to observe that it would strain credibility to assume that a member of a local union would cross a picket line manned by fellow members of that local and the picket line being duly and properly established by action of the local union.

dispute (other than a lock-out) at the factory, establishment or other premises at which he is or was last employed: Provided, That this subsection shall not apply if it is shown that . . . (2) he is not a member of an organization which is participating in, or directly interested in, the labor dispute which caused the stoppage of work . . . ."

It is our view that when this section refers to the organization "participating in or directly interested in" it surely includes the local union of which the bargaining unit is a part. In this instance the members of the local union are in separate bargaining units with the same employer.

The Board reasoned that if the Legislature had intended "organization" to mean local union it would have said so. On the other hand, with equal validity, it can be reasoned that if it had meant to restrict the definition of an organization to a bargaining unit it would have said so.

In the only two instances where this matter has been treated in dicta by this Court we have defined organization to mean local union. See *Unemployment Compensation Board of Review v. Tickle,* 19 Pa. Commonwealth Ct. 550, 339 A.2d 864 (1975); *Glass Industry Machine Workers Unemployment Compensation Cases,* 7 Pa. Commonwealth Ct. 385, 298 A.2d 700 (1973).

Accordingly, we enter the following

ORDER

Now, July 14, 1976, the order of the Unemployment Compensation Board of Review, Decision No. B-125241-B, dated May 30, 1974, reversing the decision of the referee and allowing benefits is reversed and benefits are denied.