Betty Demoss et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Carolyn A. Ritchey et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 15, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Ronald J. Zera,* for petitioners.

*Charles Donahue,* Associate Counsel, with him *James K. Bradley,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 10, 1983:

Before this Court are consolidated appeals from decisions of the Unemployment Compensation Board of Review (Board) denying benefits to Claimants Carolyn A. Ritchey[1] and Betty DeMoss[2] for the compensable weeks ending April 12 and April 19, 1980. The Board's decision was a modification of the referee's decision which found Claimant eligible for benefits for April 7, 8 and 9 of the compensable week ending April 12, 1980.

The facts which form the basis for these appeals are uncontested. On April 7, 1980, the food service attendant's union at Employer's Meadowlands, Pennsylvania plant went on strike.[3] The food service attendants, on that day, erected barricades to the entrances of the plant, preventing all other employees, union and non-union, from entering. These barricades remained up until the afternoon of April 9, 1980, when they were removed pursuant to a Consent Decree entered into before the Court of Common Pleas of Washington County. On April 10, 1980, Claimants could have returned to work without incident, but they chose to honor the food service attendants' picket lines and thus did not return to work. Claimants stayed out of work until after the labor dispute was settled on April 21, 1980.

---

[1] The Board's decision indicates that Claimant Ritchey is a Test Case covering approximately 500 production and maintenance employees of RCA Corporation (Employer) represented by International Brotherhood of Electrical Workers (IBEW) Union Local 1207.

[2] Claimants DeMoss, Mary Elder, Florence Kobucar, Donna Sadler and Cindy Bennett were, prior to the events relevant to this case, all on layoff status from Employer. All were requested to return to work on April 7, 1980, due to increased workload.

[3] The food service attendants are also members of IBEW Local 1207, although in a separate bargaining unit from Claimants.

The sole issue presented for our resolution is a question of law: where a claimant commits disqualifying conduct under Section 402 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802, during the latter portion of a compensable week, does such conduct disqualify the claimant from benefits for the otherwise eligible days preceding the disqualifying conduct?[4] Claimants do not dispute that their actions beginning April 10, 1980, disqualified them for benefits under Section 402(d) of the Law, 43 P.S. §802(d). *See Wright v. Unemployment Compensation Board of Review*, 45 Pa. Commonwealth Ct. 375, 405 A.2d 991 (1979).

The resolution of this case hinges upon the initial words of Section 402: ''An employe shall be ineligible for compensation for any week . . .'' We believe that the use of the words ''any week'' denotes a legislative intent that an unemployed worker show eligibility for benefits during the entire period from Sunday through Saturday, and that disqualifying conduct during any portion of a week would result in loss of benefits for the entire week. The sparse case law in this Commonwealth supports such an interpretation. *Bonomo Unemployment Compensation Case*, 161 Pa. Superior Ct. 622, 628-29, 56 A.2d 288, 291 (1948); *Bonner v. Unemployment Compensation Board of Review*, 156 Pa. Superior Ct. 367, 40 A.2d 106 (1944). *See Stryker v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 429, 322 A.2d

---

[4] Claimants, in their brief, seem to misapprehend the Board's decision. Claimants' argument is premised on a belief that the Board found that the Claimants could enter the plant on the three days in question. An examination of the Board's findings numbered 5 and 8 reveals Claimants' belief to be clearly erroneous, however.

737 (1974). *See also Williams v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 613, 434 A.2d 883 (1981) (disqualifying conduct on December 7, 1979 resulted in the denial of benefits for the compensable week ending December 8, 1979).

We affirm.[5]

### Order

The orders of the Unemployment Compensation Board of Review, Numbers 190655, 190656, 190657, 190658, 190659 and 190660, all dated December 18, 1980, are hereby affirmed.

---

[5] While not raised by the Board, we would note that membership in the same local union as the striking workers, even though in a different, nonstriking bargaining unit, has been held to be disqualifying under Section 402(d) of the Law. *See Unemployment Compensation Board of Review v. Fox Grocery Co.,* 25 Pa. Commonwealth Ct. 494, 360 A.2d 248 (1976).