# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Sincavage,                :
            Petitioner     :
                          :
           v.              :    No. 924 C.D. 2020
                          :    SUBMITTED: March 19, 2021
Unemployment Compensation Board  :
of Review,                :
           Respondent   :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: May 21, 2021**

Claimant, Sharon Sincavage, acting *pro se*, petitions for review from an order of the Unemployment Compensation Board of Review that affirmed the referee's decision determining that she is ineligible for unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law)[1] for compensable week ending May 2, 2020, and that she has a non-fault overpayment in the amount of $558 under Section 804(b) of the Law.[2] We affirm.

Following a telephone hearing at which only Claimant appeared and testified,[3] the referee rendered the following findings of fact:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

[2] 43 P.S. § 874(b).

[3] Claimant contends that Employer's presence would have made a difference in that it could have confirmed her assertions regarding retirement. (Claimant's Br. at 8.) However, there is no dispute as to the material facts. Additionally, the referee attempted to reach Employer, Mack **(Footnote continued on next page…)**

1. [C]laimant was employed with Mack Trucks [Employer] as a Material Analyst from August 16, 1983[,] to March 27, 2020, her last day worked.

2. [C]laimant separated from employment on March 27, 2020[,] due to being laid off by [E]mployer in relation to COVID-19.

3. On May 1, 2020, [C]laimant chose to retire for personal reasons.

4. On May 26, 2020, the [Unemployment Compensation (UC)] Service Center issued a Notice of Determination finding [C]laimant ineligible for benefits beginning with the week ending May 2, 2020[,] under Section 402(b) of the [L]aw with an overpayment under Section 804(a) of the [L]aw [(fault overpayment)].

(Referee's Findings of Fact "F.F." Nos. 1-4.)

Accordingly, the referee determined that Claimant was ineligible for benefits as of compensable week ending May 2, 2020, and did not establish that she had necessitous and compelling cause for resigning her employment beginning with the week ending May 2, 2020. (Referee's July 2, 2020 Decision at 2.) Additionally, the referee modified the initial determination of a fault overpayment to a non-fault overpayment. In so doing, the referee found:

[C]laimant received benefits for the week ending May 2, 2020[,] for which she was not eligible because she chose to retire from her employment before the end of the week. [C]laimant has an overpayment in the amount of $558.

Trucks, at the telephone number on the notice of hearing. When he reached the voice mailbox of a human resources employee, he stated that the hearing would proceed without Employer's participation. (June 30, 2020 Hr'g, Notes of Test. "N.T." at 1-2; Certified R. "C.R." at 68-69.) Additionally, he noted that hearing notices were sent to Employer at addresses in both Macungie, Pennsylvania, and Greensboro, North Carolina, and that there was no indication that either notice was returned as undeliverable or that Employer contacted his offices to request a continuance or to explain its absence. (June 12, 2020 Notice of Hr'g at 1-3; C.R. at 53-56.) Finally, when the referee stated that the hearing was going to proceed, Claimant did not request a continuance.

> The testimony and evidence show that [she] was unemployed throughout most of the week because of being laid off before she retired. [She] later notified the Department [of Labor and Industry] of her retirement in an effort to be forthcoming. The Referee finds that [she] did not intentionally provide false or misleading information or withhold information in order to receive benefits. Therefore, the Referee finds that [she] has a non-fault overpayment in accordance with the[L]aw.

(*Id*. at 3.)

The Board affirmed, adopting and incorporating the referee's findings and conclusions. However, it clarified that "the non-fault overpayment will be recouped from future allocated UC benefits." (Board's Aug. 26, 2020 Decision at 1.) Claimant's petition for review followed.

Claimant argues that the Board erred in determining that she did not have necessitous and compelling cause for voluntarily terminating her employment, stating that Employer notified her in January 2020 that she had to retire on May 1, 2020, in order to receive an incentive bonus. As for her unemployment compensation benefits, Claimant contends that she should not be responsible for an overpayment for the entire week when she retired with only one day remaining in the week. Specifically, she maintains:

> I was laid off and able to work the week ending May 2, 2020. I retired May 1. I did not just decide to retire May 1 that week. I knew since January that I was retiring May 1. It is the date [Employer] gave me. I do not think it would be fair for me to pay back this whole week since I was able to work but was laid off. I do think that it would be fair that I pay back the one day, Friday May 1. If I were not laid off the week ending May 2, I would have worked up to and including Thursday, April 30.

3

(Claimant's Br. at 10.)

Claimant's position is without merit. Section 402(b) of the Law provides that "[a]n employe shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. § 802(b). Claimant terminated her employment voluntarily when she decided to retire but was able to work. Accordingly, she did not establish necessitous and compelling cause for her voluntary termination. *Adamski v. Unemployment Comp. Bd. of Rev.*, 441 A.2d 502, 504 (Pa. Cmwlth. 1982) (no necessitous and compelling cause where claimant stated that she voluntarily retired and there was no conflict in the record on that point).

Moreover, there are no provisions in the Law pertaining to a claimant's ineligibility for compensation for a partial week. This Court has construed the General Assembly's use of the phrase "any week" in Section 402(b) of the Law as "denot[ing] a legislative intent that an unemployed worker show eligibility for benefits during the entire period from Sunday through Saturday, and that disqualifying conduct during any portion of a week would result in loss of benefits for the entire week."[4] *DeMoss v. Unemployment Comp. Bd. of Rev.*, 454 A.2d 1146, 1148 (Pa. Cmwlth. 1983). *See also Miners Hosp. v. Unemployment Comp. Bd. of Rev.*, 658 A.2d 495, 497 (Pa. Cmwlth. 1995) (claimants ineligible for week ending Saturday, November 21, 1992, due to disqualifying conduct on Friday, November 20, 1992); *Jehn v. Unemployment Comp. Bd. of Rev.*, 532 A.2d 57, 58 n.3 (Pa. Cmwlth. 1987) (where claimants admitted that they were on strike until union's

---

[4] In statutory interpretation, our goal is to ascertain and effectuate the intention of the General Assembly. *See* Sections 1903(a) and 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1903(a), 1921(b). "Where the words of a statute are clear and free from ambiguity the legislative intent is to be gleaned from those very words." *Pa. Fin. Resp. Assigned Claims Plan v. English*, 664 A.2d 84, 87 (Pa. 1995).

alleged offer on Thursday, September 1, 1983, they were ineligible for benefits for the week ending Saturday, September 3, 1983); *Williams v. Unemployment Comp. Bd. of Rev.*, 434 A.2d 883, 884 (Pa. Cmwlth. 1981) (claimant ineligible for week ending Saturday, December 8, 1979, due to disqualifying conduct on Friday, December 7, 1979).

Additionally, as this Court held in *North Penn School District v. Unemployment Compensation Board of Review*, 662 A.2d 1161, 1163 (Pa. Cmwlth. 1995), we are "bound by the clear and precise definition of 'week' found in the Law and accompanying regulations." Section 4(z) of the Law defines "week" as "any calendar week ending at midnight Saturday, or the equivalent thereof . . . ." 43 P.S. § 753(z). Section 61.1 of the regulations defines "week" as the calendar week, Sunday through Saturday, "[w]ith respect to an individual who files a claim for unemployment . . . ." 34 Pa. Code § 61.1. Accordingly, Claimant's disqualification for part of a week resulted in loss of benefits for the entire calendar week such that her retirement on Friday, May 1, 2020, rendered her ineligible for benefits for the entire compensable week ending Saturday, May 2, 2020.

For the above reasons, therefore, we affirm.[5]

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[5] There is a three-year statute of limitations for recoupment of non-fault overpayments. In pertinent part, Section 804(b) of the Law provides:

> Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year: Provided, That with respect to overpayments of one hundred dollars or more, recoupment from such future compensation shall not exceed one-third of the maximum benefit amount to which such person is entitled during any such subsequent benefit year nor one-third of the weekly benefit amount to which such person may be entitled for any particular week.

43 P.S. § 874(b).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Sincavage,                           :
                   Petitioner        :
                                  :
                v.                    :   No. 924 C.D. 2020
                                  :
Unemployment Compensation Board             :
of Review,                                  :
                   Respondent       :

# **O R D E R**

AND NOW, this 21st day of May, 2021, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita